**S. H. LAZARUS, Appellant,**

v.

**Chester PUTMAN, Appellee.**

No. 6574.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 20, 1956.

Rehearing Denied March 26, 1956.

Simpson, Clayton & Fullingim, Amarillo, (Richard E. Stokes, Amarillo, of counsel), for appellant.

Ross H. Scott, Dallas, for appellee.

NORTHCUTT, Justice.

This was an action brought by Chester Putman against S. H. Lazarus to recover damages caused to his wife, Mrs. Putman, by Lazarus backing his automobile into and striking Mrs. Opal Putman. The case was tried to a jury and, upon the verdict of the jury, the trial court granted judgment for Chester Putman in the sum of $5,000 together with six per cent interest from the date of judgment. Appellant, S. H. Lazarus, made and presented his amended motion for a new trial upon the ground of misconduct of the jury but the trial court overruled the same and appellant has perfected this appeal. Appellant presents his appeal upon one point of error and that is based solely upon the misconduct of the jury in discussing insurance during their deliberations. Several of the jurors were called to testify in connection with appellant's motion for a new trial because of the misconduct of the jury. Mr. Thomas, one of the jurors, testified that, prior to the time that they voted and finally reached an agreement as to the amount of money, there was a statement made by some juror that Lazarus probably had insurance and the fact that Lazarus was covered by insurance was the reason he finally agreed to $5,000 and he knew Lazarus would not have to pay. Mrs. Cook, another one of the jurors, testified that the statement was made in the jury room that the insurance company would have to pay it and Lazarus wouldn't and she just felt like the insurance company would have to pay the damages and she thought she was giving plaintiff one-half of what she could get as she thought it was probably a $10,000 policy and that she thought the insurance company would have to pay the $5,000. Mrs. LaDue, another one of the jurors, testified it was possible that at one time it was mentioned that Lazarus had insurance and the insurance company would have to pay but that it was not discussed, it was hushed, and that in determining to give the $5,000 she took into consideration that remark or the fact that the insurance company would have to pay this bill and that was one of the reasons she voted to give the plaintiff that much. Some of the other jurors testified they did not hear any discussion as to insurance but this would not be any testimony in conflict with the testimony above shown to have happened. Other jurors testified it was mentioned but was not the cause of their verdict. One juror testified that she might not have given plaintiff as much as $5,000 whether the defendant had insurance or not, then added: "I wouldn't say I would."

We think this record clearly shows beyond any doubt that the mentioning and consideration of the fact that Mr. Lazarus had insurance so influenced at least a part of the jury to the extent of requiring a reversal of this case. In the case of Sproles Motor Freight Lines, Inc., v. Long, 140 Tex. 494, 168 S.W.2d 642 by the Supreme Court, Judge Critz stated in part:

"In this case, even if it could be said that the mere mention by a member of the jury of any one of the things found by the trial court would not call for a reversal of this judgment, still we cannot say beyond a reasonable doubt that all the acts of misconduct taken together did not improperly influence the jury."

Judgment of the trial court reversed and remanded for a new trial.