CHESTER PUTMAN V. S. H. LAZARUS

No. A-5839. Decided July 11, 1956.
Rehearing Overruled October 3, 1956.
(293 S.W. 2d Series 493)

*Ross H. Scott,* of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that a casual remark by one of the jurors that the defendant probably had insurance, which comment was promptly rebuked by the foreman, and which was not further discussed, was sufficient to constitute misconduct requiring reversal. Said court further erred in considering the statement of some of the jurors that such reference affected their verdict, as such testimony was improper and should be disregarded. Hatch v. Sallas, 263 S.W. 2d 610; Long v. Surls, 275 S.W. 2d 728, writ of error refused n.r.e.; Western Inv. Co. v. Scott, 254 S.W. 2d 411, writ of error refused n.r.e.

*Simpson, Clayton & Fullingim* and *Richard E. Stokes,* all of Amarillo, for respondent.

In reply cited Plains Creamery v. Denny, 277 S.W. 2d 755; Texas Elec. Co. v. Wooten, 173 S.W. 2d 463, writ of error refused.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

The trial court awarded petitioner, Chester Putman, judg-

156

ment on the verdict of the jury for $5,000.00 damages for personal injuries sustained by petitioner's wife when struck by the automobile driven by respondent, S. H. Lazarus. The Court of Civil Appeals sustained respondent's single point of error, which asserted misconduct of the jury in discussing insurance during their deliberations, and reversed and remanded the cause for a new trial. 288 S.W. 2d 313.

Of the eight jurors who testified at the hearing on respondent's motion for new trial, four did not recall hearing insurance mentioned at any time during the deliberations of the jury. The substance of the testimony of the other four is stated in the next four paragraphs.

Sam A. Thomas testified that before the jury agreed on the amount of damage, one juror said that respondent probably had insurance; that the foreman or another juror immediately stated that this should not be discussed or considered; that there was no further discussion of the subject; *and that the reason he finally agreed to $5,000.00 was because he knew that in all probability the judgment would be paid by insurance, but this was not necessarily due to the statement that was made.*

Mrs. Tommie Cook stated that a member of the jury said that the insurance company would have to pay and that respondent would not; *that she felt the insurance company would have to pay the damage, but this was not due just to the statement that had been made; that she thought it was probably a $10,000.00 policy and that she was giving petitioner half of what he could get;* and that she did not remember hearing anyone say that the jury should not consider insurance.

Mrs. Glenn Ladue testified that at one time it was mentioned that respondent had insurance and the company would have to pay; that it wasn't discussed; that it was hushed; that someone said this was not supposed to be considered or discussed; and that *she thought respondent had insurance and that the company would have to pay the bill, which is one of the reasons she voted to give petitioner as much as $5,000.00.*

Mrs. Raymond Moore testified that a remark was made to the effect that respondent probably had insurance and the company would have to pay the bill; that the foreman immediately stated that the jurors were not to take that into consideration; that on one of the earlier ballots she was for less than $5,000.00, *but it was not the insurance that influenced her one way or the other.*

The italicized portions of the testimony of these four jurors clearly relate to their mental processes, which is not a proper subject of inquiry either to sustain or destroy their verdict. As stated in Sproles Motor Freight Lines v. Long, 140 Texas 494, 168 S.W. 2d 642, this character of testimony is utterly without force or effect one way or the other in passing on the question of jury misconduct. See also Barrington v. Duncan, 140 Texas 510, 169 S.W. 2d 462; City of Houston v. Quinones, 142 Texas 282, 177 S.W. 2d 259; Trousdale v. Texas & N. O. R. Co., 154 Texas 231, 276 S.W. 2d 242. It is not proper, therefore, for the trial or appellate courts to consider testimony of this character in determining the probable effect of misconduct upon the verdict of the jury; hence we eliminate it from our consideration.

The trial court was not requested to make and did not make findings of fact with reference to the events occurring during the deliberations of the jury. Its action in overruling the motion for new trial requires us to presume all findings favorable to petitioner which might properly be made on the record in the case. Petitioner concedes that insurance was mentioned, but the trial court was entitled to conclude from the testimony on the motion for new trial that one member of the jury merely stated that there was a probability that respondent had insurance and that the company would have to pay the judgment. There was also ample evidence to support the conclusion that insurance was mentioned only the one time, that the foreman promptly admonished the jury not to discuss or consider it, and that there was no further discussion of the matter.

We thus have a casual mention of insurance, which was promptly rebuked, and no further discussion of the subject. Respondent argues that this is exactly what occurred in Barrington v. Duncan, 140 Texas 510, 169 S.W. 2d 462, but we are unable to agree with this contention. The opinion in that case discloses that although some member of the jury always intervened to prevent discussion of the subject, the question of insurance was brought up a number of times during the jury's deliberations. On one of these occasions, a juror who was a truck driver stated that the defendants had to have insurance to obtain a permit to operate their trucks. Insurance in the amount of $10,000.00 was mentioned, and the jury returned a verdict for exactly that amount. In the present case we do not have repeated references to insurance which might be as harmful as a full scale discussion, and there is no "expert testimony" by a member of the jury that respondent had to have insurance.

It is our opinion that a mere casual mention of insurance, without discussion, followed by a prompt rebuke from a fellow juror, does not constitute such misconduct as would require a reversal of the judgment based on the jury's verdict. See Hatch v. Sallas, 263 S.W. 2d 610 (no writ history); McCullough Box & Crate Co. v. Liles, 162 S.W. 2d 1055 (error refused, want of merit); Texas Motor Coaches v. McKinney, 186 S.W. 2d 714 (no writ history); Stotts v. Love, 184 S.W. 2d 308 (error refused, want of merit). This rule was recognized in Sproles Motor Freight Lines v. Long, supra, but the judgment of the trial court was there reversed because the record disclosed other acts of misconduct which were not rebuked, and it was pointed out that all of the acts of misconduct taken together might have improperly influenced the jury. The old rule of presumed prejudice was applied, because the case was tried before the effective date of our Rules of Civil Procedure.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered July 11, 1956.

Rehearing overruled October 3, 1956.