Opinion approved by the Court.

**Dave ROGERS et al., Appellants,**

v.

**Cora KELLY, Appellee.**

No. 3881.

Court of Civil Appeals of Texas.

Waco.

May 25, 1961.

Rehearing Denied June 15, 1961.

Jackson, Walker, Winstead, Cantwell & Miller, Jack Pew, Jr., Dallas, for appellant.

Reagan & Welch, Marlin, for appellee.

WILSON, Justice.

Defendants appeal from an adverse judgment rendered on a jury verdict in an automobile collision case. Their points raise asserted jury misconduct and excessive damages. We affirm the judgment.

An independent investigator employed by appellants' insurer sat in the courtroom inside the bar during the trial. He was not identified to the jury. On occasion, jurors saw him talking to appellants' counsel. There is evidence to show that an unidentified juror said "I wonder who that man is in the courtroom who has been around here who has not been introduced to us, who has not taken part in the trial"; and that another said, "Well, he is either an insurance man or another lawyer"; that "somebody wondered who he was"; and was "wondering what part he was going to play—when he was going to speak his piece." One or more jurors thought this speculation transpired during deliberation in the jury room; another testified it occurred while a group of jurors were having coffee during a recess; and another fixed the occasion as being after the jury was discharged and was "filing out in the hall." There was evidence that the speculation as to the investigator's connection with the proceedings was limited to a casual comment by one juror in a small group and that the prompt reply was then made, "Well, we don't know. That's not for us to consider."

We think it could be plausibly argued that appellants' acts induced the jurors to wonder who the insurance investigator was by having him "sitting out here with the defendant" inside the bar, under the circumstances; and that they should not be heard to complain of the fruits of this action since they could well anticipate such natural curiosity. Since there was evidence to show, however, that these events took place after the trial was concluded, and the record as a whole supports the trial court's determination, we cannot say the court erred in overruling the motion under this evidence and the whole record. Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143, 146.

There was evidence also to show that a juror said in the jury room that "Rogers would be crazy not to have insurance on his trucks", and "Someone just answered and said 'We don't know. That has never been brought up'"; that another said, "We are not supposed to consider that, anyway"; and the matter of insurance was not mentioned further. Several jurors did not hear the subject mentioned. The evidence indicates this reference to insurance probably followed the "wondering about the insurance adjuster."

We think the implied findings presumed to have been made by the trial court in support of the order overruling motion for new trial are supported by the present record, and under Rule 327 Texas Rules of Civil Procedure. Putnam v. Lazarus, 156 Tex. 154, 293 S.W.2d 493, 495; Mrs. Baird's Bread Co. v. Hearn, 157 Tex. 159, 163, 300 S.W.2d 646, 650. We are unable, after careful review of the record, to hold the damages found by the jury are excessive.

Affirmed.