Doyle O. BRAWLEY, Petitioner,

v.

William L. BOWEN et al., Respondents.

No. A–10401.

Supreme Court of Texas.

Feb. 24, 1965.

Jackson, Walker, Winstead, Cantwell & Miller, John L. Lancaster, III, and Jack Pew, Jr., Dallas, for petitioner.

Joe N. Chapman, Raymond R. Johnson, Sulphur Springs, for respondents.

GRIFFIN, Justice.

Respondents, William Bowen and Roy Bailey, brought this suit against petitioner, Doyle Brawley, to recover damages resulting from an automobile collision. Bailey was a passenger in Bowen's car. At the time of the accident, petitioner and respondents were all traveling west on Highway 30, a four-lane divided highway in Hopkins County, Texas. Petitioner was in the left-hand lane and respondents were in the right-hand lane. Petitioner's car drove into the rear of respondents' car as the latter moved into the left-hand lane, preparatory to making a left-hand turn.

The respondents both sued petitioner for damages resulting from physical injuries which they alleged were sustained in the accident. In addition, Respondent Bowen asked for $500.00 damages to his car. The causes were consolidated, and the case was tried before a jury which returned a verdict (a) exonerating petitioner on all counts of primary negligence, (b) convicting Respondent Bowen on three counts of contributory negligence, (c) finding that neither of respondents sustained damages from any physical injuries caused by the accident and (d) finding that Respondent Bowen's car was damaged to the extent of $100.00. On the basis of this verdict, a take-nothing judgment was entered against both respondents. The respondents moved for a new trial on the basis, among other things, of jury misconduct. After a hearing on this motion, at which four of the jurors testified, the motion was overruled.

On appeal, the Court of Civil Appeals reversed and remanded, holding in effect that jury misconduct had occurred as a matter of law, 381 S.W.2d 693. We reverse the judgment of the Court of Civil Appeals and affirm the trial court's judgment.

Respondents alleged the following acts of jury misconduct in their motion for new trial: (a) that Juror Hollingsworth stated that he knew the plaintiffs and that they were "fakes," trying to get something for nothing, (b) that the jurors made a prior illegal agreement to answer all special issues to keep respondents from recovering anything, (c) that Juror Hollingsworth gave unsworn testimony, based on his experience as a mechanic, as to the amount and the cause of the damage to Bowen's car, and (d) that the jurors discussed whether Respondent Bowen carried insurance and that Juror Hollingsworth stated that Respondent Bailey should actually be suing Respondent Bowen because Bowen probably carried insurance which covered passengers in his car.

■ Where no express findings are filed, it is presumed on appeal that the trial court found all controverted facts in support of its judgment overruling the motion and that no misconduct occurred. Putman v. Lazarus, 156 Tex. 154, 293 S.W.2d 493 (1956); Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770 (1932); Milstead v. Aynesworth, 341 S.W.2d 942 (Tex.Civ.App., 1960, writ refused, n. r. e.). If the evidence offered at the hearing on the motion for new trial is conflicting as to whether or not misconduct occurred, the decision of the trial court on the question is binding on appeal. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462 (1943); Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62 (1945); State v. Wair, 163 Tex. 69, 351 S.W.2d 878 (1961).

■ At the hearing on the motion for new trial, Jurors Harrelson and Dollar were called by respondents and Jurors Jenkins and Holley were called by petitioner. Juror Harrelson testified as follows: Juror Hollingsworth made a speech just after the jury foreman had been selected, in which he stated that he knew the plaintiffs, he did not think they were honest, he did not think they were hurt and that they were trying to get something for nothing; Hollingsworth said that the questions should be answered so that the plaintiffs would not get anything, and the jury decided not to give the plaintiffs anything before any of the questions were answered; Hollingsworth also said that he was a garageman and could see things in the pictures of the damaged car that the other jurors could not see; he said the damage was caused in a previous accident and he could fix the damaged light for $10.00; Hollingsworth stated that Bailey (the passenger) should be suing Bowen (the driver) instead of the defendant, because Bowen's insurance probably covered passengers in Bowen's car. On cross examination, Mrs. Harrelson said that a vote was taken on each issue and no one told her to vote a certain way on any issue. Juror Dollar corroborated Mrs. Harrelson's testimony on all points.

The substance of Juror Jenkins' testimony was as follows: Juror Hollingsworth did make a speech just after the jury retired, in which he said "he thought" the plaintiffs were faking and were out for money they did not have coming; Hollingsworth did not say he knew the plaintiffs; the jury did not decide who should win or lose the lawsuit before the questions were answered; he (Jenkins) did not hear Hollingsworth say he was a garageman, although Hollingsworth did say he could see things in the pictures which the others could not see; all of the jurors looked at and commented on the pictures; Hollingsworth did say the damages were exaggerated and could be repaired "for $30.00 or $50.00 or something like that"; there was

some discussion as to why Bailey was suing the defendant and not Bowen, but there was no discussion about insurance—how much or who had it.

Juror Holley gave this testimony: He (Holley) did not hear Hollingsworth say that he knew the plaintiffs, that they were faking, that they were trying to get something for nothing, that the questions should be answered against plaintiffs or that Hollingsworth could see more from the pictures than the others; there was no discussion as to who should win or lose the suit and each of the questions was discussed and voted upon separately; Hollingsworth did explain the pictures to the jury because they asked him to, but he did not say that the damage was caused in a previous accident; Hollingsworth did say the damage could be repaired for $50.00; there was some discussion as to why Bailey was not suing Bowen, but the foreman "cut it short."

The above testimony is conflicting on all of the grounds of jury misconduct alleged in the motion for new trial. Therefore, the trial judge's implied finding that jury misconduct did not occur is binding on this Court.

We have examined the points of error which respondents urged in the Court of Civil Appeals. The only points, other than those involving jury misconduct, were objections to the trial court's refusal to give two special requested issues, and the concomitant issues of negligence and proximate cause.

In view of the fact that we are reversing and rendering this decision on the above grounds, the other points of error raised in petitioner's application for writ of error become immaterial.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.