Albert HOFFMAN, Appellant,

v.

FRENCH, LTD., a Corporation, et al.,
Appellees.

No. 119.

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 16, 1965.

Rehearing Denied Oct. 14, 1965.

Austin Y. Bryan, Jr., Houston, Moise H. Simon, Bay City, for appellant.

Richard B. Miller, of Baker, Botts, Shepherd & Coates, Houston, W. Jack Salyer, of Harris & Salyer, Bay City, for appellee.

SHARPE, Justice.

This is an appeal from a take-nothing judgment rendered after jury trial in favor of James H. Edwards and French, Ltd., a corporation, appellees, defendants below, against Albert Hoffman, appellant, who as plaintiff below sued for actual and exemplary damages on account of personal injuries allegedly sustained as a result of an automobile collision which occurred on January 11, 1963, in Bay City, Texas. Appellant, a police officer of said city, was in a police car stopped at an intersection red traffic light when a vehicle driven by Billy Luter collided with it from the rear. That collision immediately followed another which was caused by appellee Edwards driving a car owned by appellee, French Ltd., into the rear of Luter's vehicle.

Appellees stipulated that Edwards was guilty of conduct constituting ordinary negligence proximately causing the collisions mentioned; however, they denied any acts of gross negligence or that appellant received any injuries on such occasion.

The charge of the Court contained 19 special issues including those conditionally submitted. In response thereto the jury found there was no gross negligence on the part of appellees and that appellant had not suffered damages of any kind. Judgment was rendered on the verdict that appellant take nothing by his suit.

Appellant urges thirty-two points of error. His basic contentions are: (1) there is no evidence and the evidence is factually insufficient to support the answers of the jury, (2) that various acts of jury misconduct occurred, and (3) that an accumulation of errors is presented; all of which appellant says requires that the judgment be reversed and the cause

remanded for new trial. Appellees assert five counter points in support of the judgment.

We have concluded that appellant's points do not demonstrate reversible error and that the judgment should be affirmed.

The crucial issue in this case was whether appellant suffered any injuries on account of the collision in question. The court submitted four special issues (Numbers 13, 14, 15, and 16) in usual form, concerning actual damages claimed to have been suffered by appellant. Special issue 13 inquired as to what sum of money, if any, if paid now in cash, will fairly and reasonably compensate the plaintiff, Albert Hoffman, for such injuries and damages, if any, which have been suffered and sustained by him, and, in reasonable probability, will be sustained in the future, directly and proximately resulting from the collision in question, taking into consideration the elements of physical pain in the past and in the future, mental anguish in the past and future, loss of earnings to the date of trial, and the reasonable present cash value of diminished capacity to work and perform services. Special issue 14 inquired as to compensation for necessary medical expenses incurred by appellant to the date of trial as a result of the injuries, if any, sustained by him in the occurrence of January 11, 1963. Special issue 15 inquired if appellant, in reasonable probability, would require medical treatment in the future on account of injuries, if any, sustained by him in such collision. Special Issue 16 asked substantially the same question concerning compensation for medical expenses in the future as was inquired about in issue 14. The jury did not answer any of issues 13, 14, 15, and 16 favorably to appellant, thus finding, in effect, that he did not suffer any damages on account of the incident in question.

■ We cannot agree that there is no evidence or that the evidence is factually insufficient to support the answers of the jury concerning actual damages. Appel-

lant's case largely depended upon his own testimony and upon subjective complaints. There was substantial evidence tending to show that appellant had not suffered injuries in the collision and the jury accepted that view. There was evidence which would authorize the jury to find that the impact between appellant's car and the one behind it was a slight one; that the damage to the police car was slight, and ordinarily would not be calculated to produce injury to its occupants; that appellant suffered no visible injuries after the accident, but walked around, talked to people and drove his car to the police station.

Appellant's testimony left much to be desired. Appellees say that, at least, appellant was guilty of what Sir Winston Churchill once called "terminological inexactitude", and, at most, "his testimony was a tissue of improper, inaccurate and slanted statements about which he could not have conceivably made so many honest mistakes". Whether the jurors agreed to either of these positions or took an in-between view, it is apparent that they were not impressed by appellant's testimony or other evidence to the effect that he was injured in the collision.

The jury could have believed that appellant was impeached on several significant and material points and that his testimony concerning injuries allegedly suffered in the collision could not be credited. When his deposition was taken appellant denied involvement in other automobile accidents, but the evidence at the trial established that he had been in two such accidents within recent years. Appellant testified he resigned from the police force because his physical condition would not allow him to work, but other evidence tended to show he was let out for reasons not related to his physical condition. Appellant testified he had no prior back trouble and told Dr. Bradford he had no prior back or neck disability, yet another of his own doctors testified he had hospitalized appellant for back trouble some years before the instant accident. Appellant also conceded that

after the accident in question he was attended by a doctor as a result of being struck by a chair in a bar fight and shooting incident (in which appellant shot and killed one of the participants). Other evidence, including x-rays and opinions, tended to show that plaintiff's condition immediately after the accident involved old conditions or injuries which were not due to the accident in question.

The doctors who examined appellant after the accident of January 11, 1963 agreed that their diagnosis depended upon their receiving an accurate history from appellant. The jury could have believed that appellant either inadvertently or intentionally had not furnished the same to his doctors and that their opinions, to the extent they were favorable to him, were misguided. The medical evidence offered by appellees strongly rebutted the contention that appellant had been injured in the instant accident, and indicated that appellant's sojourn of two weeks in the hospital was of his own making and choice.

■■■ Appellant's contentions concerning the jury answers to Special Issues 14 and 15, inquiring concerning medical expenses, are without merit for the additional reason that the evidence was factually insufficient to support a recovery for the items claimed. Three doctors who examined appellant in the earlier period after the accident testified on the trial but did not give evidence as to the necessity of his treatment in terms of injuries suffered in the instant accident or as to the reasonableness of the expenses involved. Another doctor who examined appellant a short time before the trial was asked questions concerning statements for expenses in the total amount of $1,568.95, all of which, except $145.00 for services of the last doctor, were incurred before he came into the case. The last doctor testified over appellee's objection that the question as to necessity of such treatment was not related to the injuries in this case, that "I think it is necessary for the treatment of

the individual" and, generally, that the amount of $1,568.95, as shown by statements, represented the fair and reasonable value of services rendered to appellant. However, said witness did not relate the expenses to treatment for injuries received by appellant in the accident of January 11, 1963. The above-mentioned objection of counsel for appellees was well taken and should have been sustained. In the final analysis, the evidence as to medical expenses was factually insufficient to support a finding that the same were necessary or incurred on account of injuries sustained in the collision here in question. See Dalby v. Lyle, 105 S.W.2d 764 (Tex.Civ.App. 1937, n. w. h.); Texas & N. O. R. Co. v. Barham, 204 S.W.2d 205 (Tex.Civ.App. 1947 n. w. h.).

Appellant's points relating to the alleged legal and factual insufficiency of the jury answers to the actual damage issues are overruled.

■■■ Appellant's points concerning the alleged insufficiency of the evidence to support the jury answers to the issues which might furnish a basis for exemplary damages are in the same category as the issues on actual damages; there was some evidence and it was also factually sufficient to support such answers. The jury was authorized to answer as it did on the questions of gross negligence and exemplary damages. Appellees' claimed liability on such basis was thus eliminated from the case. Furthermore, an award of exemplary damages would not have been proper in the absence of a finding of actual damages, which the jury refused to make. Ft. Worth Elevators Co. v. Russell et al., 123 Tex. 128, 70 S.W.2d 397, 409 (1934); 17 Tex.Jur.2d Damages, § 177, p. 243. Appellant's points relating to the alleged legal and factual insufficiency of the jury answers to the issues involving liability for gross negligence and exemplary damages are overruled.

We pass now to a discussion of appellant's points alleging misconduct of the

jury. He relies upon seven acts of purported misconduct which he says were material and probably caused injury. These acts will be discussed in the order briefed by the parties. Findings of fact or conclusions of law in connection with the motion for new trial were not requested or made by the trial court.

■ In determining the contentions made by appellant concerning misconduct we must follow the rule recently re-iterated by our Supreme Court in the case of Brawley v. Bowen, 387 S.W.2d 383, 384 (Tex. 1965), as follows:

> "Where no express findings are filed, it is presumed on appeal that the trial court found all controverted facts in support of its judgment overruling the motion and that no misconduct occurred. Putman v. Lazarus, 156 Tex. 154, 293 S.W.2d 493 (1956); Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770 (1932); Milstead v. Aynesworth, 341 S.W.2d 942 (Tex. Civ.App., 1960, writ refused, n. r. e.). If the evidence offered at the hearing on the motion for new trial is conflicting as to whether or not misconduct occurred, the decision of the trial court on the question is binding on appeal. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462 (1943); Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62 (1945); State v. Wair, 163 Tex. 69, 351 S.W.2d 878 (1961)."

Appellant claims misconduct on account of alleged improper statements made during the deliberations of the jury by jurors Mrs. Hyett and Mrs. Mielsch. Some of the jurors testified on the hearing of the motion for new trial that the juror Mrs. Hyett had related a personal experience concerning a back injury suffered by her from which she had recovered. Other jurors did not hear such statement in the jury room. The record reflects that Mrs. Hyett had disclosed such facts in answer to questions propounded on the voir dire examination and some jurors recalled that the statement was then made but did not recall that it was repeated later on. The Statement of Facts on the hearing of the motion for new trial further reflects the following:

### JUROR JEANENNE HYETT

"Q Moving over to another phase during the course of the Jury deliberations, did you make a statement in the presence of one or more jurors that you had had a back injury but that you had gotten well and had not sued anybody?

A I was asked if I was the same that stated to the lawyers here in the Courtroom that I had had a back injury. I said Yes. And I was asked if I was sued, and I said No; and that was all."

On cross-examination by Mr. Miller, attorney for appellees, Mrs. Hyett testified:

"Q * * * Do you recall that you told me you had a back injury fifteen years ago?

A Yes, sir.

Q Do you recall I asked you then whether or not you had recovered from the back injury or if it was still bothering you?

A Yes, sir.

Q Do you recall saying you had recovered, but had had trouble with it about five years?

A Yes, sir."

■ One of the jurors testified Mrs. Hyett stated in the jury room that "I was hurt in a wreck, hurt my back, and I got over it, and I didn't sue nobody and therefore we didn't owe Mr. Hoffman anything." Another juror testified that Mrs. Hyett told the jurors * * * "that this doctor * * * I can't remember either * * * that waited on her; that he cured her and she believed he knew what he was saying about Mr. Hoffman." It appears that the testimony of the jurors conflicted concerning

the making of the statement by Mrs. Hyett and varied as to the content of what she said. Although it would have been improper for the said juror to testify as to her own personal injury and relate it to appellant's alleged injury, the evidence here is sufficient to support an implied finding of the trial judge that Mrs. Hyett did not disclose anything during the jury deliberations which had not been made known on the voir dire examination. Both parties accepted Mrs. Hyett knowing about her own injury and that she had disclosed it to the other jurors on the voir dire examination. This would not authorize her to repeat the same during the deliberations but, under the circumstances, and in view of the trial court ruling on the motion for new trial, the evidence is not sufficient to support a charge of misconduct or probable injury to appellant. This is not a case where the testimony is undisputed as to what took place in the jury room and we are not authorized to set aside the implied finding of the trial court favorable to its order overruling the motion for new trial. Cf. Garcia v. Phoenix Assurance Company of New York, 376 S.W.2d 77, (Tex.Civ. App.1964, wr. ref. n. r. e.).

The alleged misconduct of the juror Mrs. Mielsch is in the same category as that of Mrs. Hyett. The record shows that one juror said he heard a statement by Mrs. Mielsch to the effect that on an occasion in Houston, a pedestrian had "walked into her car and got hurt, and he sued her, but she didn't pay him anything." The alleged statement of Mrs. Mielsch, if actually made, was not sufficiently related to the votes or a change of votes by the jurors in answering the special issues so as to establish materiality or probable injury.

The next act of misconduct claimed by appellant is that during the deliberations one of the jurors stated in substance that appellant had been offered a fair settlement before the trial, had refused it, and should not be allowed to recover. Some of the jurors testified that no such statement was made in the jury room and others said they did not hear it. Other jurors said they heard a statement to such effect but could not remember who made it or when or where it was made. We are again bound by an implied finding of the trial court in support of its order in overruling the motion for new trial.

Appellant next claims misconduct in connection with the discussion of the issue as to whether appellee Edwards was intoxicated on the occasion in question, and particularly whether such fact would be shown on plaintiff's exhibit 1, which was a certified report by the Texas Department of Public Safety concerning the operating record of Edwards. Such exhibit was apparently offered in connection with appellant's claim for negligent entrustment and exemplary damages. Some of the jurors testified to the effect that one juror stated that if Edwards had been drunk such fact would have been shown on such record. The exhibit certified "that the following notices of convictions, motor vehicle accidents and/or actions taken by the Department of Public Safety appear in the operating record of James Hudson Edwards, Jr." (followed by 16 entries from 1954 to 1963 concerning accidents, speeding, running red light, warning letter and re-examination) and that "no other violations, accidents or convictions have been reported to the Driver and Vehicle Records Division as of this date (December 16, 1963)." It therefore appears that the exhibit offered in evidence by appellant injected into the case the question of convictions on the part of Edwards for various driving violations. Although the record contains an entry "1–11–63—Motor Vehicle Accident—Bay City, Texas" which apparently relates to the instant accident, there was no notation of a Driving While Intoxicated charge or conviction growing out of it. In this context it is not improbable that some of the jurors might have discussed the matter now complained of by appellant, and which was raised by his own exhibit. The proceedings in a

criminal case arising out of the accident would ordinarily not be admissible or properly considered by jurors in a civil case unless the defendant had entered a plea of guilty which could be considered as an admission as to the conduct involved. Isaacs v. Plains Transport Co., 361 S.W.2d 919 (Tex.Civ.App., 1962, writ refused n. r. e., by the Supreme Court, with per curiam opinion; Sup., 367 S.W.2d 152). However, we find that reversible error is not presented by the present complaint. If the discussion was improper it was invited by appellant. Appellate procedure in Texas, § 17.5. Furthermore the evidence is conflicting as to what statements were made and some jurors did not remember any statement on the subject during the deliberations. The implied finding of the trial court on the issue, which is supported by evidence, precludes us from sustaining appellee's present contention as to jury misconduct.

■ Appellant next claims misconduct because the jury allegedly discussed the fact that appellant's medical expenses had been paid by insurance and decided that appellant should not recover the same for such reason. Appellant offered into evidence several statements for Medical, Hospital and Drug expenses. One hospital bill reflected that there was insurance. Some of the jurors testified that there was a discussion to the effect that appellant's own insurance had covered his bills. One juror said that appellee French's Insurance Company was mentioned. To the extent that appellant's insurance was involved, his own evidence injected the matter into the case. Although the jury should not have denied an award for medical expenses for the reason that appellant had insurance, nevertheless, the error, if any, was invited. Insofar as other insurance is concerned, the evidence is not sufficiently definite and certain for us to say that the implied finding of the trial court as to such alleged misconduct should be set aside. Special issue 14, inquiring about past medical expenses was expressly conditioned on the same having been incurred "as the direct

and proximate result of the injuries, if any, sustained by him in the occurrence of January 11, 1963." The jury answer to that issue was consistent with its answer to special issue 13, which inquired about damages for injuries sustained, if any, for various elements of physical and mental pain, loss of earnings and earning capacity; the jury answering issue 13, in effect, that appellant did not suffer injuries in the collision. We have heretofore pointed out that the evidence was, in any event, factually insufficient to support a recovery for medical and other expenses, and, under such conditions, the error, if any, presented by appellant's present contention would be harmless. Rule 434, Texas Rules of Civil Procedure.

■ Appellant next claims misconduct because of unsworn communications and opinions of jurors respecting the integrity of his counsel and law suit which allegedly caused animus, prejudice and feeling so as to prevent a fair trial. Reliance is placed upon a statement allegedly made by one of the jurors which might have referred to trial counsel for appellant. On the hearing of the motion for new trial the juror Walker who allegedly made some such character of statement denied doing so and the juror Matthews who had at one place in his testimony attributed the statement to Walker, revised his testimony in such respect. Appellant's attorneys then withdrew the contention now asserted. Other jurors testified either that the statement was not made or that they didn't hear it. The juror Walker testified that outside the jury room, after the verdict was returned, he made a statement to the effect that he was going to stop "these people" from stealing from companies in these suits. As we have hereinbefore mentioned, the jury apparently did not have a high opinion of appellant and could have concluded because of his impeachment in several respects that he was not trustworthy and did not suffer injuries in the collision. We are again bound by the implied finding of the trial court that the misconduct now complained of did not

occur; and even if it had, the showing as to materiality and probable injury is insufficient.

 Appellant next complains of alleged misconduct because one of the jurors voted with the majority under the mistaken belief that a majority controlled and the minority had to go along. The juror Stewart testified on the hearing of the motion for new trial that if he had not believed that the majority ruled he would have voted on special issues 13 and 14 for appellant "to get the money". There is no showing that the juror communicated his alleged belief to the other jurors. The charge of the court expressly instructed the jury that the verdict must be unanimous. Our Supreme Court has held that an express misconstruction of the court's charge, which does not bring to the attention of the jury law or facts outside the record should not be regarded as jury misconduct within the meaning of Rule 327, T.R.C.P. Whited v. Powell, 155 Tex. 210, 285 S.W.2d 364 (1956). The uncommunicated, subjective belief of the juror, if found to exist, would not constitute misconduct in this case. Appellant's contention in such respect is overruled.

The final misconduct relied upon by appellant is that the jury allegedly undertook to agree that the first 12 issues would be answered one way and the 13th another, which agreement was later welched to appellant's prejudice. One juror (Matthews) testified that such a deal was made and six others denied it. Matthews also testified he had not voted on issue 13, but two other jurors testified to the contrary. Under such record of conflicting testimony we are again bound by the implied finding of the trial court that the misconduct complained of did not occur.

In the light of our holdings concerning appellant's specific points of error we do not believe that reversible error is shown on the basis of an accumulation of errors. As we have pointed out, the jury was authorized from the evidence to find, and did find, in effect, that appellant did not suffer injuries in the collision, even though appellees admitted liability for ordinary negligence for damages actually suffered, if any. We cannot find on the record here presented that material misconduct occurred which probably caused injury to appellant.

The judgment of the trial court is affirmed.