Doyle Mark DOBBINS et al., Appellants,

v.

Frederick C. KLINKE, II, Appellee.

No. 7517.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 27, 1965.

Wayne B. Barfield, Amarillo, for appellants.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellee.

DENTON, Chief Justice.

Curtis A. Dobbins brought suit individually and as next friend of Doyle Mark Dobbins, a minor, against Frederick C. Klinke, II, for personal injuries received by the minor when struck by the defendant's automobile. The jury found the defendant was not negligent in any respect; and that the accident was an unavoidable accident. Upon these jury findings the trial court entered judgment for the defendant.

Doyle Mark Dobbins, the four year old son of Curtis A. Dobbins, was injured when he was struck by appellee's automobile as he attempted to cross a city street in the middle of the block. Upon the entry of the take-nothing judgment, the appellants filed a motion for new trial based, among other things, on jury misconduct. A hearing was had on this motion at which time five jurors testified. Three of the jurors were called by appellants and two by the appellee. The motion was overruled but no express findings of fact or conclusions of law were filed. Appellants' sole point of error complains of this alleged jury misconduct.

Appellants allege the jury was guilty of misconduct in the following particulars: They discussed and considered personal experiences related by one or more of the jurors concerning similar occurrences to the one under consideration; personal knowledge of the scene of the accident; whether or not the minor plaintiff's father had hospitalization insurance; and whether or not liability insurance covers pain and mental anguish.

Where there are no findings of fact and conclusions of law, it is presumed on appeal that the trial court found all controverted facts in support of its judgment overruling the motion for new trial and that no misconduct occurred. Putman v. Lazarus, 156 Tex. 154, 293 S.W.2d 493; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Brawley v. Bowen, Tex., 387 S.W.2d 383. It is also a settled rule of law that if the evidence offered at the hearing on the motion for new trial is conflicting on the issue of jury misconduct, the decision of the trial court on the question is binding on appeal. State v. Wair, 163 Tex. 69, 351 S.W.2d 878; Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62.

During the hearing on the motion for new trial juror McCracken testified in substance that one of the women jurors told of an experience she and her husband had when a small child ran in front of their automobile; that the child was not struck, but that her husband had to drive off the road in order to avoid hitting the child; that another juror told of a similar experience when a dog "run out in the street"; and he further testified "We just discussed how quick little boys could run out in the street, or something like that." He also testified one juror mentioned that Mr. Dobbins, the plaintiff, must have insurance with Sears, his employer; and that another juror said that he was sure Mr. Klinke, the defendant, had insurance; he acknowledged that "two or three of them [jurors] said that [insurance] doesn't matter, we were not supposed to bring that in." Juror Carring-ton testified she told of the experience she and her husband had when a child ran across a road in front of their car; that a juror asked if they were arrested, and she answered "No, it wasn't necessary for them to come, because we didn't have an accident." She also remembered a juror telling of the dog crossing in front of his car; and that insurance for medical expenses was discussed. Juror Rutherford testified to the incident related by Juror Carrington and the experience of the unnamed juror concerning the dog; and that some jurors stated Dobbins probably had insurance at Sears. Juror Ford, the foreman, testified a woman juror mentioned her experience of almost hitting a child, but there was no discussion of it; and he admonished the jury, "It don't have anything to do with the case." He further testified there was no discussion of the dog incident; that insurance was brought up twice in the three-hour deliberation, but on each occasion he admonished the jury that they should not consider it. Juror Collingsworth testified she did not remember a juror mentioning the fact that they had almost hit a child; but she did remember one of the jurors mentioning their experience about the dog; that the foreman stopped a discussion of the incident; as to the discussion of insurance, she testified, "I don't believe there was, until right after the very last, when someone wondered if he had insurance, and no one knew * * * we had already signed the papers and everything, getting ready to leave."

There are obvious conflicts on the grounds of jury misconduct asserted by appellants in their motion for new trial. We therefore conclude the trial court's implied findings that there was no jury misconduct is binding on this court.

Furthermore, it has been held that a mere casual mention of insurance, without discussion, followed by a prompt rebuke from a fellow juror, does not constitute such misconduct as would require a reversal of the judgment. Putman v. Lazarus,

Supra; Dallas Transit Co. v. Newman (Tex.Civ.App.), 380 S.W.2d 818 (Dismissed). We are of the opinion the discussion had by the jurors in this case is governed by this rule.

We are of the further opinion, after reviewing the record as a whole, that the alleged jury misconduct complained of was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment and did not constitute reversible error. Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is accordingly affirmed.