Adam GARCIA, Appellant,

v.

The HOME INDEMNITY COMPANY,
Appellee.

No. 8209.

Court of Civil Appeals of Texas,
Amarillo.

Nov. 22, 1971.

**536**

Edwards & Associates, Donald Conley, Lubbock, for appellant.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellee.

REYNOLDS, Justice.

Adam Garcia filed a claim with the Industrial Accident Board for injuries received in the course of his employment. An award was entered for him against The Home Indemnity Company, the compensation insurance carrier. Refusing to abide by the award, Home Indemnity timely filed suit to set aside the award, naming Garcia as defendant. Garcia answered and filed a cross-action for compensation for total and permanent disability. Trial came on before a jury. Judgment was entered on the jury's findings that Garcia suffered total, temporary disability for nine weeks, followed by partial, temporary disability for 150 weeks. Garcia has appealed, bringing forth assignments of error of jury misconduct and realignment of the parties over objection.

Garcia's first assignment of jury misconduct is predicated on the contention that the jury considered a statement to the effect that Garcia could get a job with a state agency regardless of his physical condition or age. Seven of the twelve jurors who returned the verdict testified at the hearing on Garcia's motion for new trial, and they were not in complete agreement about the matter. The jurors were agreed that there was some reference to whether a man could apply to a state agency for employment; they were not in agreement as to whether the subject was raised in the form of a statement or a question, or whether the reference was that a man could obtain work or only could seek work. The jury had deliberated some eight hours during a part of two days before reaching a verdict. The jurors were divided on whether the matter arose on the first or second day, and did not agree on which issue was being discussed at the time. The jurors fixed the period of time consumed by the subject matter from 20 seconds to not more than two or three minutes. All of the jurors testified that either the foreman or some other member of the jury cautioned them that matters not in evidence could not be considered, and that after the admonition there was no further reference to the subject. The trial judge denied the motion for new trial without being requested to make and file, or making and filing, express findings of fact.

The evidence is conflicting as to what was said and in what form, when it was said and what issue was being discussed at the time. The evidence is undisputed that when the subject was injected, there was a prompt admonition by either the foreman or some other juror not to consider the matter and reference to the subject was not thereafter made. Under this undisputed evidence, the mere injection of the subject matter for a time of from 20 seconds to three minutes during eight hours of deliberation, promptly followed by an admonition that the matter was not to be considered, with no further reference being made to the subject, does not constitute such misconduct as would require a reversal of the judgment based on the jury's verdict. Putman v. Lazarus, 156 Tex. 154, 293 S. W.2d 493 (1956).

Since the trial judge was not requested to, and did not, make express findings of fact with reference to the events occurring

during the jury's deliberation, we are required to presume that he found, in support of his overruling the motion for new trial, as a fact that jury misconduct requiring a new trial did not occur. Were we to disregard the undisputed evidence and look only to the conflicting evidence, the result is the same. We must presume, since no express findings were made, that the trial court found all controverted facts in support of its implied finding that no jury misconduct occurred, which finding is conclusive on appeal. Brawley v. Bowen, 387 S.W.2d 383 (Tex.Sup.1965).

We have examined the cases cited by Garcia to support his proposition that reversible jury misconduct occurred. Each case cited is clearly distinguishable in that jury misconduct was indisputably established in each, and there either was no admonition not to consider the matter or the admonition given was not heeded. Garcia's first assignment is overruled.

The second assignment of oppugned realignment of the parties, in legal actuality, embraces three propositions, contrary to the provisions of Rule 418.[1] Home Indemnity raises no objection that the point is multifarious, and responds in three counterpoints, and the assignment will be considered. Garcia complains that over his objection the trial court realigned the parties, thus preventing Garcia from presenting to the jury the real plaintiff and defendant and allowing unqualified medical testimony in evidence based upon an improper predicate.

Home Indemnity became the procedural plaintiff by filing its appeal from the award of the Industrial Accident Board, although Garcia was the actual claimant. No formal motion for realignment was filed. Prior to evidence being presented, Garcia's counsel agreed with opposing counsel "that there would be no written request or formal motion necessary in realigning the parties, conditioned on the fact that this particular evidence (testimony by Dr. Gordon Mayes, Garcia's treating doctor, regarding Garcia's emotional condition) would not come in."

The trial commenced, the pleadings were presented, and Garcia proceeded first to adduce his proof of entitlement to compensation, and Home Indemnity then responded with its defensive matters. As the final evidence before the jury, Home Indemnity proposed the deposition testimony of Dr. Mayes, including that portion concerning Garcia's emotional condition. When it became apparent that the court would admit the testimony, Garcia objected. The objection was overruled, and Garcia moved to withdraw his conditional agreement to realign the parties and to offer evidence of the real plaintiff and defendant. This motion was denied, the court stating that no formal realignment of the parties would be entered and that the pleadings would remain as cast.

Thereafter, over objection to the testimony regarding Garcia's emotional condition, Dr. Mayes' deposition was read to the jury. Dr. Mayes first saw Garcia, by referral from Garcia's doctor, on April 2, 1970, after Garcia's injury on March 17, 1970, and following his compensation claim filing on or about March 24, 1970. In response to Home Indemnity's counsel's questions, Dr. Mayes stated that Garcia had continuing complaints of pain for which he found no objective symptoms, and that, in his opinion, emotional factors, one of which was Garcia's pending compensation claim, "(p)layed a part," but he did not know how much, in the continuing complaints of pain. Under questioning by Garcia's counsel, the following is recorded:

"Q. You are not trying to say that he is emotional over this thing because of a claim, Doctor? It's just that you found him that way, and you don't know the cause?

"A. Well, he has always been this way since the first time I saw him, yes."

1. All references to rules are to Texas Rules of Civil Procedure.

On redirect examination, Dr. Mayes gave his opinion that in patients, who have a problem of emotional overlay and have claims pending, the pain is remarkably relieved by the settlement of the claim.

■ It is from these facts that Garcia concludes that reversible error exists. He argues that he was prevented from presenting evidence regarding the real plaintiff and defendant after the emotional overlay testimony was allowed over objection, especially since the testimony should have been excluded on the ground that no predicate was laid to qualify the doctor as an expert in the field of psychology. Garcia deduces that this probably caused the jury to render an improper verdict. Garcia has waived the latter portion of his assignment which complains that the evidence was inadmissible because of lack of a proper predicate. This matter was not assigned as error in Garcia's motion for new trial. Rule 320 requires that the trial court shall not consider a ground not specified in the motion for new trial, and Rule 374 provides that a ground of error not distinctly set forth in the motion for new trial shall be considered as waived. Furthermore, Rule 418 states that a point in an appellant's brief must be germane to an assignment of error.

■ This waiver narrows the inquiry to whether, under these circumstances, the proceedings amounted to such a denial of Garcia's rights as was reasonably calculated to, and probably did, cause the rendition of an improper judgment. Rule 434. In connection with his claim of erroneous realignment of the parties, Garcia relies upon Texas Employers' Ins. Assn. v. Brown, 226 S.W.2d 233 (Tex.Civ.App.—Amarillo 1949, writ ref'd n. r. e.), and Home Indemnity cites Liberty Mutual Ins. Co. v. Horton, 275 F.2d 148 (5th Cir. 1960, aff'd 1961, 367 U.S. 348, 81 S.Ct. 1590, 6 L.Ed. 2d 890). Neither of these cases is determi-

native of the question before us. In each case the compensation insurance carrier appealed from the award of the Industrial Accident Board. In *Brown,* the trial court refused to realign the parties upon motion, and this was held not to be error since the insurance company was the procedural plaintiff. In *Horton,* the court noted that the claimant is the real plaintiff and master of the suit when he seeks affirmative relief by cross-action.

Garcia's actual contention is that he was not permitted to show that it was Home Indemnity's appeal from the award, thus prolonging the disposition of the claim, that was responsible for Garcia's emotional condition. What Garcia ignores, however, is Dr. Mayes' testimony that it was the *claim,* not the appeal from the award, that constituted one of the emotional factors bearing on Garcia's condition at the time Dr. Mayes first examined him. At that time, Garcia had filed his claim and it was then pending. The effect of this contention is that the jury should have been informed that the Industrial Accident Board had made an award in Garcia's favor.

In any event, Garcia's contention is purely academic. The court left the pleadings in their originally drafted form showing Home Indemnity as plaintiff and cross-defendant and Garcia as defendant and cross-plaintiff. The record shows that the pleadings were presented to the jury. The average juror could have, and perhaps did, infer from the pleadings that Home Indemnity was appealing from an award in Garcia's favor. This inference, nevertheless, is as far as Garcia is permitted to proceed, because it is settled in this State that evidence that the Industrial Accident Board refused or allowed the claim for compensation is not admissible in any form before the jury. Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811 (1945). Furthermore, we perceive no error in the court's procedure. In the situation present in the case before us, our Supreme Court,

in adopting the opinion of the Commission of Appeals in Booth v. Texas Employers' Ins. Assn., 132 Tex. 237, 123 S.W.2d 322 (1938) has said, "(T)he employee's suit should be treated as the dominant suit and the insurer's suit, though first filed, abated." In a trial de novo, it is immaterial which party arrives at the courthouse first. Rule 265 provides that, unless the trial court otherwise directs for good cause, the party upon whom rests the burden of proof on the whole case shall first proceed. Our Workmen's Compensation Law[2] specifies the mechanics of the appeal from an award. As succinctly stated in 63 Tex. Jur.2d Workmen's Compensation § 404:

"The statute provides that in all suits to set aside awards the burden of proof is on the party claiming compensation. This means that even though the suit has been brought by the insurer the claimant must prove by a preponderance of the evidence every fact, not admitted nor agreed to by his opponent, that is necessary to establish his right to compensation, * * *. Thus when the injured workman * * * makes out a prima facie case * * * the insurance carrier is required to meet it with proof showing that it is not correct."

This is precisely the procedure followed in the trial of this case. Additionally, the jury answered all issues favorable to Garcia, although obviously not to the extent he desired, and answered all defensive issues adverse to Home Indemnity. There is no contention that the verdict is not supported by the evidence. In the final analysis, this record does not reflect that the complained of proceedings in this trial de novo amounted to such a denial of Garcia's rights as was reasonably calculated to, and probably did, cause the rendition of an improper judgment. The second assignment is overruled.

Affirmed.

2. Vernon's Ann.Civ.St. art. 8307, sec. 5.