O. F. FORBUS, Appellant,

v.

SAFEWAY STORES, INCORPORATED, Appellee.

No. 12486.

Court of Civil Appeals of Texas, Austin.

Feb. 23, 1977.

Galen A. Moeller, San Angelo, for appellant.

George S. Finley, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for appellee.

O'QUINN, Justice.

O. F. Forbus, the appellant, brought this lawsuit in Tom Green County against Safeway Stores, Incorporated, on a claim of personal injuries received in a Safeway Store in San Angelo as a result of slipping on grapes and falling on the store floor.

Trial was before a jury, and the verdict consisted of jury responses to seven special issues. The jury found there were grapes on the floor of the grocery store, that Forbus slipped on the grapes and fell, and was not negligent in failing to keep a proper lookout. The jury also found that "agents, servants or employes" of defendant company did not know of the grapes on the floor nor should have known "by the exercise of ordinary care" that grapes were on the floor. The jury also absolved Safeway of any percentage of negligence.

Based on jury findings, the trial court entered judgment that Forbus takes nothing by his suit.

Forbus filed a motion for new trial based entirely on matters of alleged jury misconduct. After hearing on the motion, at which three members of the jury including the foreman testified, the court overruled the motion and denied new trial.

Forbus appeals and brings two points of error, both pertaining to jury misconduct. Appellant urges error under both points in failure of the trial court to grant a new trial because appellant says (1) one juror discussed matters of personal knowledge and experience during jury deliberations, and (2) one juror during deliberations made statements adverse to the reputation and honesty of an attorney representing appellant at the trial.

The record on appeal does not include a statement of facts relating to the trial, but only a transcript and transcription of testimony at the hearing on motion for new trial. Appellee urges under two counterpoints on appeal that (1) jury misconduct was not demonstrated as a matter of law, and that (2) appellant has failed to meet his burden to show that misconduct, if misconduct occurred, resulted in an improper verdict, the record on appeal being inadequate for determination of the question.

We agree with the contention of appellee under the second counterpoint based on insufficiency of the record brought forward by appellant. We will overrule appellant's points of error and affirm judgment of the trial court.

■ Upon overruling motion for new trial, the trial court made no findings of fact related to jury misconduct, and no findings were requested. When no express findings are filed, the appellate court will presume that the trial court found all controverted facts in support of the trial court judgment overruling motion for new trial and that no jury misconduct occurred. Even if the evidence offered at the hearing was conflicting as to whether misconduct occurred, decision of the trial court on the question is binding on appeal. *Brawley v. Bowen*, 387 S.W.2d 383, 384 (Tex.Sup.1965) and cases cited.

■ Appellant, having alleged jury misconduct, had the burden to show not only occurrence of misconduct but its materiality, and that the record as a whole indicated that, due to the misconduct shown, injury probably resulted to the party alleging misconduct. By failing to bring forward the statement of facts, appellant failed to prove that the claimed misconduct, rather than the state of the evidence, probably caused the jury to answer special is-

sues adversely to appellant as plaintiff below. *Fountain v. Ferguson*, 441 S.W.2d 506, 509 (Tex.Sup.1969). See also Pope: *Jury Misconduct and Harm*, 12 Baylor L.Rev. 355 (1960); 3 McDonald, *Texas Civil Practice*, secs. 14.16.1–14.16.5 (1970); 4 Tex.Jur.2d *Appeal and Error–Civil Cases*, secs. 857–858 (1974).

The judgment of the trial court is affirmed.