TEXACO, INC., Appellant,

v.

Larry HALEY et al., Appellee.

No. AB2369.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 17, 1980.

Michael L. Baker, Strong, Pupkin, Nelson, Parker & Bissell, Beaumont, for appellant.

Doug Cherry, Beaumont, for appellees.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment for the plaintiff in a negligence suit arising from an automobile collision. Defendant appeals.

On February 28, 1975 at about 5:00 p. m., Larry Haley, plaintiff below, who was traveling from Anahuac to Liberty on FM 563 in a 1969 Ford Galaxy with two companions, collided with a 1966 GMC tanker truck owned by Texaco, Inc., appellant, and driven by Dale Price. Price was returning the tanker to the Port Arthur Texaco plant after delivering a load of gasoline to Liberty. He was making a left turn off of FM 563 onto the Interstate 10W access road in front of Haley's oncoming vehicle when the collision occurred. The front of Haley's vehicle struck the right rear corner of the Texaco tanker.

At the trial, the jury found that Price was negligent in (1) the application of his brakes (2) his lookout and (3) turning left when Haley's car was in such a proximity as to constitute an immediate hazard. They found that each act was a proximate cause of the collision. The jury found that Haley was negligent in his lookout and that such act was a proximate cause of the collision. The jury found that Haley's damages totalled $15,500.00. They found that Texaco had proven no damages to its tanker. The jury's apportionment of negligence was 80% for Texaco and 20% for Haley. Judgment was entered for Haley for $12,276.00.

Texaco cites numerous points of error on appeal. Points one through eight relate to the sufficiency of the evidence to

support the jury's findings on the specific acts of negligence and proximate cause. The evidence was conflicting. Haley's testimony was confused and, at times, inconsistent. The jury, however was free to believe the testimony of Haley and his passenger, and the evidence was sufficient to support the jury's answers on all the issues. These points are therefore overruled.

Texaco's ninth point complains that the trial court erred in not submitting appellant's tendered instruction on excuse. When an act is considered negligence per se, an excuse instruction is required only if some evidence of excuse is introduced. *Southern Pacific Co. v. Castro*, 493 S.W.2d 491 (Tex.1973); *Antee v. Sims*, 494 S.W.2d 215 (Tex.Civ.App.-Houston [14th Dist.] 1973, writ ref'd n.r.e.). Price's testimony that Haley was driving in the right lane (on the improved shoulder) as he approached the intersection, and appeared to be preparing to turn right, was not evidence of an excuse which will vitiate a statutory violation. *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694 (Tex.1972). It was, instead, evidence related to Haley's negligent acts proximately causing the collision—a comparative negligence question. Appellant's ninth point is overruled.

Appellant's tenth point complains of the trial court's failure to submit his requested issue on Haley's failure to swerve to the left to avoid the collision. This is a "last clear chance" issue. The doctrines of last clear chance and discovered peril have been abolished in Texas and are no longer viable bases for instructions. *French v. Grigsby*, 571 S.W.2d 867 (Tex.1978) (per curiam). Therefore, the trial court did not err in refusing to submit the tendered issue. Furthermore, the issue is evidentiary in nature and appellant had a fair submission of the ultimate issues of comparative negligence. Tex.R.Civ.P. 277. Point of error ten is overruled.

In its eleventh point of error, Texaco contends that the trial court erred in not submitting an issue on whether Haley was driving while intoxicated. Intoxication is not an ultimate, controlling issue, but is, instead, an evidentiary issue. As such, competent evidence of intoxication may be admitted and considered by the jury, but the controlling issue is one of driving ability, vigilance, or control. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951); *Scott v. Gardner*, 137 Tex. 628, 156 S.W.2d 513 (1941). The issues submitted adequately covered the subject. Therefore, point of error eleven is overruled.

Point of error twelve complains that Texaco was entitled to a new trial on the grounds of jury misconduct. Appellant enumerates three types of misconduct upon which he introduced evidence at the new trial hearing: (1) consideration of new evidence not properly admitted, (2) failure to respond to proper voir dire inquiry, (3) use of a forbidden means of apportioning negligence.

With respect to the first category, three acts of misconduct are cited: (a) One juror, a nurse, commented on Haley's back injury while reviewing the medical reports; (b) another juror brought up the subject of travel expenses and emergency room costs, which were not introduced at trial, in connection with the discussion of medical expenses; and (c) other jurors made statements to the effect that the damages found were just a drop in the bucket for Texaco and would simply be a tax write-off.

The testimony at the new trial hearing was that the nurse said Haley's injury "could probably" affect him for the rest of his life or said Haley's injury "would" affect him for the rest of his life "most probably." There was no testimony that the nurse held herself out as an expert, that she related personal experiences, or that she otherwise tried to qualify herself as an authority on the subject. There was no evidence that the other jurors relied on the nurse's judgment or expertise although appellant specifically inquired into such reliance. This does not amount to original evidence of material facts, but is instead a personal opinion voiced by a juror based on evidence before the jury. *Akers v. Epperson*, 141 Tex. 189, 171 S.W.2d 483 (1943).

The nurse's statement was, therefore, not misconduct.

■ The second act complained of—consideration of travel expenses and emergency room costs, upon which no proof was introduced at trial—was misconduct. However, if mere proof of the act does not establish that the trial was materially unfair to the complainant, then he has the burden of proving that the act was material and that, based on the entire record, injury probably resulted. *Fountain v. Ferguson*, 441 S.W.2d 506, 507 (Tex.1969); *St. Louis Southwestern Railway Co. v. Gregory*, 387 S.W.2d 27 (Tex.1965); Tex.R.Civ.P. 327, 434. The testimony at the hearing was that "someone mentioned" transportation expenses while the jurors were discussing medical expenses. There was other testimony that transportation and emergency room costs were "considered." There was no testimony that the juror's agreed to include transportation or emergency room expenses as a part of the award. If such expenses were included, the amount of the medical expenses found by the jury exceeds the medical bills by only $155.00, or 1% of the total damages found for Haley. Appellant has not sustained his burden of proving materiality and probable injury. Tex.R. Civ.P. 327, 434.

■ The third act related to new evidence—statements that the award was a drop in the bucket or a tax write-off—was also misconduct. However, they were "mentioned" in passing, according to the testimony. Jurors cannot receive evidence outside the record, but it must be shown that the remarks influenced other members of the jury before reversal is required. *Mrs. Baird's Bread Co. v. Hearn*, 157 Tex. 159, 300 S.W.2d 646 (1957). Such influence was not shown. Therefore, materiality and probable injury were not proved.

■ The second type of jury misconduct complained of was failure to answer a proper voir dire inquiry—specifically, that the foreman remained silent when asked "do any of you *know* Mr. Haley ...." (emphasis added) Appellant seeks to prove that the foreman did in fact know Mr. Haley by testimony that, during deliberations, the foreman said he *knew of* Haley. The difference between "knowing" someone and "knowing of" someone is obvious. This act was not misconduct.

■ The third category of misconduct complained of is that the jury's method of apportioning negligence was improper. The foreman of the jury added up the total number of acts of negligence found for both parties and divided the result into the number of acts committed by each party to arrive at a percentage figure for each party, which was to be that party's percentage contribution to the collision. Texaco first contends that this was a quotient verdict. However, no prior agreement to adhere to the result of the calculation was shown. Therefore, it does not meet the first requirement of the quotient verdict. *Ruffo v. Wright*, 425 S.W.2d 663, 664 (Tex.Civ.App.-San Antonio 1968, no writ).

■ Texaco also contends that this method of apportionment is improper because it is based, not on the evidence, but on the number of acts submitted as issues, citing *Western Casualty & Surety Co. v. Smidt*, 50 Wis.2d 672, 184 N.W.2d 848 (1971) and *Lovesee v. Allied Development Corp.*, 45 Wis.2d 340, 173 N.W.2d 196 (1970). These cases did not deal with jury misconduct, but with the adequacy of the instructions (*Lovesee*) and the sufficiency of the evidence to support the verdict (*Western Casualty*). Here, the jurors discussed the percentages proffered by the foreman, agreed to them, and would not change the apportionment even after reducing the number of acts of negligence found to have been committed by Texaco. The mental processes of the jurors may not be probed. *Putman v. Lazarus*, 156 Tex. 154, 293 S.W.2d 493 (1956). Misconstruction of the court's charge does not constitute misconduct. *Stephens County Museum, Inc. v. Swenson*, 517 S.W.2d 257, 260 (Tex.1975). Nor does faulty or illogical reasoning. *Griffith v. Hudspeth*, 378 S.W.2d 153 (Tex. Civ.App.-San Antonio 1964, no writ). Therefore the result of this method of ap-

portionment, when fully supported by the evidence and agreed to by the jury only after the calculation has been performed, will not vitiate the verdict. Appellant's point of error twelve is overruled.

■ The thirteenth, fourteenth, and fifteenth points of error attack the damage findings by "no evidence", "insufficient evidence" and "great weight" points. The jury found a lump sum amount of $15,-000.00 for past and future pain and suffering, loss of earnings, and future loss of earning capacity. The total is not broken down into its component parts. Therefore, there is no way of apportioning the amounts awarded for each category of damages. The total amount awarded is amply supported by the evidence. The jury awarded no damages for Texaco's tanker. The jury was free to disbelieve the testimony of Texaco's plant superintendent concerning the cost of repairs to the tanker. These points are overruled.

Appellant's final point of error concerning the cumulative effect of the errors is also overruled.

Judgment affirmed.