Don W. WAIR, and wife, Carrie Wair, et al., Appellants,

v.

STATE of Texas, Appellee.

No. 7346.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 29, 1961.

Rehearing Denied Sept. 26, 1961.

Moore & Lipscomb, Paris, for appellants.

Fisher, McLaughlin & Harrison, Paris, for appellee.

CHADICK, Chief Justice.

This is a condemnation action by the State of Texas to take 10.267 acres out of a 53.19 acre tract to provide right-of-way for State Highway Loop No. 287 East of the City of Paris. The award of damages by trial court is reversed and the case remanded for new trial.

■ Counsel for the State offered in evidence an exhibit prepared by a draftsman employed by the State Highway Department. The exhibit purported to be " * * * a drawing of the Loop as it will actually exist according to plans and specifications on the ground from an angle looking North off of U. S. 82". It was drawn to scale from the Highway Department's plans and specifications. The drawing was conceived as an aerial view, with the lines distorted to give the drawing verisimilitude. Objection was made that the drawing was "only an artist's conception of a condition that doesn't exist by everybody's admission". The objection was overruled, and the exhibit admitted into evidence.

Admission of the exhibit was error. It is to be noted that the drawing, though made to scale by a Highway Department employee and based upon plans and specifications, was not a part of the Highway Department's plans and specifications. It was merely a drawing of the contemplated loop lay-out as envisaged by the draftsman, and executed as a picture. As such, it is mere speculation by the draftsman. It did not purport to depict anything in existence nor illustrate any testimony given by the draftsman or other witness. It was offered as substantive evidence to prove the appearance of the Loop road, structures and surrounding terrain after completion. It was not substantive evidence and had no inherent probative value. See Annotations in 9 A.L.R.2d 1046, and cases cited.

■ Under the pleadings in the case, the exhibit could have no relevancy even as a part of the Highway plans and specifications, because damage was not sought to the portion of the tract not taken. It is well established that in condemnation proceedings, the use, and plans and specifications of structures or changes to be made of the portion of the tract that is taken

are relevant and proper to be considered in assessing the damage to that untaken. See Annotations 89 A.L.R. 879 and cases there cited; also see 22 TJ (2) 428, Sec. 304, and cases cited. But in cases such as this where the legality of the taking is uncontested, and an entire tract is taken the use to be made and plans and specifications therefor are without probative effect in determining value of the tract at time of taking. Chicago & W. I. R. Co. v. Heidenreich, 254 Ill. 231, 98 N.E. 567. That the same rule would apply when a part is taken but no damage is claimed to that remaining seems clear.

However, for the reason last discussed, admission of the exhibit was harmless error. The nature of the use made of the condemned land in building the Loop neither adds to nor takes away from the value of the land at the time it was taken.

■ No member of the jury impaneled to try the case had had previous experience as a juror. After submission, the jury retired and without electing a foreman, one member suggested that each juror write down the value per acre he placed upon the land taken. The juror making this suggestion also suggested that the values written be under $600 per acre. The jurors wrote their estimates. One of their number totaled their figures and divided by six, and the value of $550 per acre was the product or average. Four jurors testified; three swore that the original suggestion was understood to be binding and the value produced by the method adopted would constitute the jury's verdict. The fourth juror's testimony was equivocal. If not conclusively proved, certainly the overwhelming weight and preponderance of the evidence * was that the jury did agree to arrive at a verdict by striking the average of the value per acre each juror placed upon the tract taken and returned a verdict

in accordance therewith. Such method is improper. See Allcorn v. Fort Worth & R. G. Ry. Co., Tex.Civ.App., 122 S.W.2d 341, w/r.

Arriving at the verdict by the improper method resulted in harm of a substantial nature to the landowners. The method employed indicated that no juror considered the land to be of a value greater than $600 per acre, yet in order to strike an average of $550 per acre as its value it is probable that several jurors believed the land to be of the value of $600, or very near that figure. It is hardly reasonable to suppose that all six would have originally placed the value of $550 an acre. In fact, the evidence indicates that they did not, as it shows that one man took the figures and made a computation. Had all been in agreement on a $550 figure, no computation would have been necessary in reaching an average. Since proper deliberation by the jury was foreclosed, and consideration of estimates of value in excess of $550 was not permitted, substantial injury is shown.

For the guidance of the court upon another trial the court's view of other points raised are briefly set out. The present record does not reflect reversible error in the admission of testimony referred to in appellant's Second, Third, Fourth and Fifth Points of error. Failure to give the instruction, the subject of Point Six, is not reversible error, but an instruction of this nature would be entirely appropriate and would tend to lessen the chance that inexperienced or inattentive jurors might consider benefits accruing to the property not taken when valuing that taken. The matter complained of in Point Seven should not arise again. What has been said disposes of all points.

The judgment of the trial court is reversed and remanded.

* This point was brought forward by the appellant.