STATE OF TEXAS, Petitioner

v.

DON W. WAIR ET AL, Respondents

No. A-8679. Decided December 13, 1961
351 S.W. 2d 878

*Fisher, McLaughlin & Harrison,* Paris, for petitioner.

*Moore & Lipscomb,* Paris, for respondents.

PER CURIAM.

The State brought this condemnation suit for a right-of-way east of Paris, Texas. The only question tried was the amount of damages. The landowner sought a new trial on the ground of jury misconduct. He alleged that the jury used a quotient verdict. The court, after hearing testimony from 4 of the 6 jurors, overruled the motion, thus finding that misconduct did not occur. The Court of Civil Appeals reversed on the grounds that it appeared beyond question and as a matter of law that misconduct *did* occur; and in the alternative, if there was some evidence to support the trial court's implied finding of "no misconduct", then it held that the finding was against the overwhelming weight and preponderance of the evidence. 349 S.W. 2d 637. The question is whether this finding of the trial judge should be tested by (1) the great weight and preponderance of the evidence or by (2) abuse of discretion.

The trial court's refusal to grant a new trial upon an express or implied finding of no occurrence of jury misconduct is ordinarily binding on the reviewing courts and will be reversed only where a clear abuse of discretion is shown. *Barring-*

*ton v. Duncan,* 140 Texas 510, 169 S.W. 2d 462 (1943) ; *Maryland Casualty Co. v. Hearks,* 144 Texas 317, 190 S.W. 2d 62 (1945) ; *Saladiner v. Polanco,* 160 S.W. 2d 531 (1942, error refused) ; *Thompson v. Railway Express Agency,* 206 S.W. 2d 134 (1947, n.r.e.) ; *Martin v. Shell,* 262 S.W. 2d 564 (1953, no writ) ; *Morgan v. State,* 343 S.W. 2d 738 (1961, ref., n.r.e). The occurrence of jury misconduct is not properly reviewed by the great weight and preponderance test which was applied by the Court of Civil Appeals. We hold that the occurrence of jury misconduct was conclusively proved as a matter of law and that the trial court clearly abused its discretion in not granting a new trial. Probable injury of a jury's misconduct, once misconduct has been found to have occurred, is a question of law for the trial court and reviewing courts to determine from a review of the entire record, and from such a review we conclude that the respondents probably were injured from the quotient verdict. *City of Houston v. Quinones,* 142 Texas 282, 177 S.W. 2d 259 (1944).

The application for writ of error is therefore refused, no reversible error.

Opinion delivered December 13, 1961.