**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,**

v.

**George W. TURNER, Appellee.**

**No. 7624.**

Court of Civil Appeals of Texas.

Texarkana.

April 20, 1965.

Rehearing Denied May 11, 1965.

Howard Waldrop, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

Wheeler, Watkins, Hubbard & Patton, Texarkana, for appellee.

CHADICK, Chief Justice.

This is a Workmen's Compensation Law case. Compensation was awarded a workman plaintiff by the judgment of the trial court and the judgment is affirmed.

■ Conduct prejudicial to the appellant, ascribed to certain jurors and the jury as a whole, said to have occurred in the course of jury deliberations, is the error relied upon for reversal. When an issue of fact is presented by the evidence offered to prove jury misconduct, and the issue is decided by the trial judge, this court is bound by the trial court's finding. State v. Wair, 163 Tex. 69, 351 S.W.2d 878 (1961); Appellate Procedure in Texas, Sec. 17.16 "Jury Misconduct". All parties grant that this rule should be applied when pertinent.

The compensation carrier at the hearing on its motion for new trial tendered the testimony of two jurors. From this course it was shown that as the jury assembled for deliberation an unidentified juror remarked in substantially this language: "Well, let's give this man all that he asks for. Let's just find out how to do it." Subsequently another juror unnamed by the witnesses expressed his opinion that a per-

son could not obtain anything from a compensation insurer unless a law suit was brought. Still another juror, name not stated, was heard to avow that he knew of other persons having similar hurts that were permanently incapacitated. By way of opposition, denial and explanation, the testimony of the jury foreman and three other jurors was offered by counsel for the workman. In substance they testified either that they did not hear or did not recall any of these utterances. These jurors agreed that the remarks and conversations under investigation could have occurred without their knowledge, as several different conversations were frequently in progress at the same time with much overlapping of speech and expressions. Also, that their attention could have been diverted from such talk in some other manner. They remained positive in their testimony, however, that they had the same opportunity to hear as all other jurors, and did not hear and had no knowledge of the occurrences under investigation.

■■ The testimony and circumstances shown raise a question of fact to be resolved by the trial judge. Dallas Transit Company v. Newman, 380 S.W.2d 818, (Tex.Civ.App. 1964 dism'd). A trier of the facts might reasonably conclude that when several truthful men in position to hear remarks or conversations fails to hear them, the claimed expressions were probably not made. The trial court's judgment decided the fact issues against the appellant. Such findings will not be disturbed. Sullivan v. Lydick Roofing Company of Houston, 378 S.W.2d 419, (Tex.Civ.App.1964, writ ref., n. r. e.); Doran v. Eaton, 376 S.W.2d 367 (Tex.Civ. App.1964, writ ref., n. r. e.).

■ Approximately thirty minutes before the jury reported its verdict the bailiff handed the trial judge this note, to-wit:

"Your Honor: Can we answer issues Nos. 1 and 2 'No' and yet give the plaintiff total and permanent disability?
"H. L. Rosser, Foreman."

The court answered by referring them to the charge in their possession. One of the two jurors first mentioned above testified that a consensus was reached that the injured workman should have a recovery for total and permanent incapacity and the special issues would be answered to that end. His testimony does not detail factual occurrences in this respect; it is merely a statement of his opinion. The compensation carrier would support the jurors' opinion by the inferences that might be drawn from the jury's note to the presiding judge, the conversations and statements already discussed, and the alacrity with which the verdict was returned. There is nothing conclusive in all this that the jury agreed to or acted in predesigned concert to assure a preconceived judgment when answering the issues; or were actuated by improper or illegal motives. As the record stands, there is no evidence that the jury did not answer the issues on the basis of the facts as they found them to be without regard to the effect their answers would have on the judgment.

■ On reaching the jury room the Foreman undertook to read aloud the court's charge. He had difficulty in pronouncing the word "preponderance". In the midst of his effort he said he thought the word meant to ponder or think. The term was defined in the charge and the definition was read several times. There is no evidence that any other juror had difficulty either with the pronunciation or meaning of the word. This slight aberration on the part of the Foreman, which appears to have been disregarded or corrected to the satisfaction of the jury, is not an event so baleful as to require reversal. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462 (1943); Rogers v. Stimson Contracting Company, 373 S.W.2d 548 (Tex.Civ.App.1963, no writ).

■■ When the record is considered in its entirety, it does not appear that the several errors complained of individually or in gross were calculated to cause and probably caused the rendition of an improper

verdict in the case. Rules 327 and 343, Vernon's Ann.Texas Rules. Neither does the great weight and preponderance of the evidence require the judgment be set aside. The judgment of the trial court is affirmed.