Munis A. SYED, d/b/a Ruby Switch Ranch, Appellant,

v.

HAUFLER EQUIPMENT COMPANY, Appellee.

No. 04–82–00023–CV.

Court of Appeals of Texas, San Antonio.

Jan. 25, 1984.

Randolph M. Janssen, San Antonio, for appellant.

William J. Salyer, San Antonio, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

OPINION

ESQUIVEL, Justice.

Appellee, Haufler Equipment Company (Haufler), filed suit against appellant, Munis A. Syed, d/b/a Ruby Switch Ranch (Syed), for failure to pay for services rendered, labor done, and materials furnished by it in its repairs to Syed's tractor. Syed answered and counter-claimed, seeking damages for the loss of use of his tractor because of improper repairs by Haufler. Trial was to a jury. Ten (10) members of the jury answered all issues submitted to them favorable to Haufler. Based upon the jury verdict, stipulations between the parties, and additional express findings, the trial court entered a judgment awarding Haufler damages in the total sum of $5,325.77. Syed timely filed a motion for new trial based on alleged misconduct of the jury in arriving at their verdict. After a hearing the court overruled the motion for new trial. In his sole ground of error, Syed contends that the court erred in overruling his motion for new trial. We affirm.

In support of his contention, Syed points out in his brief that during deliberations one juror held himself out to be a mechanics expert and related evidence not brought out at trial. That this same juror acted as an advocate for Haufler's position and by holding himself out as an expert used his experience as a mechanic "to inundate those individuals [jurors] who were proponents for Appellant and caused them to lose faith in their own position." He further points out that another juror discussed "her father's experiences as an owner of a number of trucks [and] her experiences as to the problems that mechanics had in repairing vehicles and how she though they [mechanics] did their best." He also contends that there was a general discussion of personal experiences by the jury as a whole. He concludes that "[t]he outcome of all this was a jury deliberation which was so permeated by evidence which was not elicited during the trial so as to deny Appellant his right to an impartial jury basing its verdict on evidence which was presented to it."

The two jurors that did not sign the jury verdict were the only jurors that testified at the motion for new trial hearing. They were Edward Battros, the foreman, and Julia Villarreal. Randolph Janssen, Syed's attorney, also testified. That portion of their testimony pertinent to this appeal is summarized as follows: Battros testified that nearly all of the jurors related their personal experiences with mechanical problems that they may have had in an attempt to "figure out some of the problems that Syed said he had." Battros also testified

that one juror, who worked for the railroad, held himself out as an expert and explained how an engine worked, what a shim was and its purpose; that the juror, by expressing his knowledge of such matters, was "attempting to advocate Mr. Haufler's position" on certain issues being considered by the jury; that he, Battros, was swayed on some issues by the juror's explanation. Battros further testified that he himself stated to the other jurors that the adjustments of brakes is a simple matter and that it would have been easy "to adjust the brakes that Mr. Syed was having a problem with." He also testified that a juror related experiences she and her father had with their mechanics and based on these experiences "mechanics do their best." Julia Villarreal testified that a juror talked about "how to dismantle a tractor, how to get in there," and about "many things we didn't hear at the trial." She further testified that it did not influence her to sign the verdict.

A third witness, Randolph Janssen, appellant's attorney, also testified at the hearing. Janssen's testimony did not relate to anything that occurred in the jury room during their deliberation.

■ In order for a new trial to be granted on the basis of jury misconduct, there must be a finding of misconduct and also an injury which probably resulted to the complaining party. TEX.R.CIV.P. 327. It is well settled that the complaining party has the burden to prove the overt act of misconduct, that it was material misconduct and that injury probably resulted. *Shop Rite Foods, Inc. v. Upjohn Co.*, 619 S.W.2d 574, 582 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.) (and cases cited therein). It is further well settled that whether jury misconduct occurs is a question of fact, but whether injury resulted therefrom is a question of law for the court. *City of Houston v. Quinones*, 142 Tex. 282, 290, 177 S.W.2d 259, 263 (1944).

■ We find it unnecessary to determine in this case whether the trial court found the alleged misconduct occurred or did not occur. Assuming that the trial court found misconduct did occur, under TEX.R.CIV.P. 327, there would remain the question of whether injury probably resulted to the complaining party. In determining this question, both the evidence on the hearing of the motion for new trial and the evidence taken during the trial must be considered. *Motley v. Mielsch*, 145 Tex. 557, 200 S.W.2d 622, 623 (1947); *Prudential Fire Insurance Co. v. United Gas Corp.*, 145 Tex. 257, 199 S.W.2d 767 (1946). The record before us contains the statement of facts on the hearing of the motion for new trial but it is void of any statement of facts from the trial. There is no request by Syed or his counsel in the record before us directing the district clerk to include a statement of facts of the evidence taken during trial. And, finally, we find no motion by Syed or his attorney for leave to file a supplemental transcript. Accordingly, we are unable to consider the evidence taken at trial and therefore cannot determine whether injury probably resulted from the alleged misconduct.

As previously pointed out, it is well settled that whether jury misconduct occurs is a question of fact to be found by the trial court. *City of Houston v. Quinones, supra.* Therefore, if we were to conclude that the trial court refused to grant the new trial because it found, impliedly or expressly, that no misconduct occurred, we would still be faced with the issue of whether Syed has shown a clear abuse of discretion. The trial court's refusal to grant a new trial upon an express or implied finding of no occurrence of jury misconduct is ordinarily binding on the reviewing courts and will be reversed only where a clear abuse of discretion is shown. *Texas v. Wair*, 163 Tex. 69, 70, 351 S.W.2d 878, 878 (1961). It is our opinion that in arriving at this determination, the entire evidence, both the evidence on the hearing of the motion for new trial and the evidence taken at trial must be considered. Without the evidence taken at trial there is no way for us to determine whether Syed has shown that the complained of statements by any of the jurors was calculated to

balance the weight of the evidence against him in favor of Haufler; we cannot determine whether Syed has shown that the any of the complained of statements of the jurors was contrary to the evidence of Syed at trial; finally, we cannot determine that Syed has shown that the testimony of any witness at trial was corroborated by any of the complained of statements of the jurors.

Due to the state of the record before us, we hold that no abuse of discretion has been shown by Syed. Accordingly, a finding of the trial court that no jury misconduct occurred would be binding on this Court. *Texas v. Wair, supra.* Syed's ground of error is overruled.

The judgment of the trial court is affirmed.