James A. **FILLINGER,** Sr., et al.—Appellants,

v.

George A. **FULLER,** III, D.O.—Appellee.

No. 9594.

Court of Appeals of Texas, Texarkana.

Feb. 9, 1988.

Rehearing Denied March 8, 1988.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

Woodrow M. Roark, Tyler, for appellants.

M. Keith Dollahite, Potter, Guinn, Minton, Roberts & Davis, Tyler, for appellee.

GRANT, Justice.

James A. Fillinger, Sr., James A. Fillinger, Jr., Crystal Fillinger, and Etta May Caldwell (heirs of Mary Fillinger, deceased), hereinafter referred to as the Fillingers, filed suit against Dr. George A. Fuller, III for medical malpractice. The jury answered all special issues against the Fillingers, and judgment was entered denying them relief. The Fillingers filed a motion for new trial based, in relevant part, on claims of jury misconduct. The trial court denied the motion for new trial, and the Fillingers appealed.

The Fillingers contend on appeal that the trial court erred in refusing to hear testimony on jury misconduct and in overruling their amended and supplemental motions for a new trial. Fuller brings one cross-point contending that the appeal is frivolous.

The Fillingers sued Fuller for medical malpractice, alleging that he failed to inform Mary Fillinger or her family of her cancerous condition and failed to refer her to a specialist for treatment. Mrs. Fillinger died eleven months after Fuller allegedly failed to inform the family. The Fillingers attached two affidavits to their motion for new trial. One affidavit was that of Tina Denman, an employee of the district attorney's office, who stated that she had been told by a newspaper reporter that a juror had told the reporter that another juror (Michele Jordan) had related a personal experience with Dr. Fuller to the jury during deliberations. Jordan allegedly told the jury that Dr. Fuller had told her family that her mother had a cancerous condition and had referred her to a specialist. According to the affiant, the juror further stated that she did not see any reason why the doctor would not have done the same with Mrs. Fillinger. The affiant further stated that information had been communicated or "leaked" to some of the jurors during a trial recess to the effect that the Fillingers had refused a settlement offer for "hundreds of thousands," and that this made the jury so angry at the Fillingers that they found for the doctor.

The second affidavit is that of the Fillingers' attorney recounting what he was told by a juror about the statement by Jordan concerning her mother's care at the hands of Dr. Fuller. It also covers the statements made by Denman.

The trial court refused to hear the testimony of the two jurors (Jordan and Hargest) at the hearing on the motion for new trial. The testimony was allowed as part of a bill of exceptions and was to the effect

that Mrs. Jordan had made some comments about Fuller's treatment of her mother and that there was substantial disagreement among the jurors on the contention that Fuller failed to inform Mary Fillinger (or her family) of her cancerous condition. The trial court denied the motion for new trial, and the Fillingers appealed. The record on appeal is limited to a transcript and statement of facts covering the hearing on the motion for new trial.

■ A trial court's refusal to grant a motion for new trial is ordinarily binding on reviewing courts and will be reversed only for a clear abuse of discretion. *Syed v. Haufler Equipment Co.*, 665 S.W.2d 208 (Tex.App.–San Antonio 1984, no writ).

We first address the Fillingers' contention that the trial court erred in failing to conduct a hearing on the alleged jury misconduct. In *Roy Jones Lumber Co. v. Murphy*, 139 Tex. 478, 163 S.W.2d 644 (1942), the Supreme Court held that it is reversible error to deny an evidentiary hearing if (1) affidavits show material jury misconduct or (2) the motion states a reasonable explanation why affidavits cannot be secured and makes sufficient allegations of jury misconduct. The Supreme Court recently stated in dictum that "a motion for new trial based on jury misconduct must be supported by a *juror's affidavit* alleging 'outside influences' were brought to bear upon the jury." *Weaver v. Westchester Fire Insurance Co.*, 739 S.W.2d 23 (Tex. 1987) (emphasis added).

In *Clancy v. Zale Corporation*, 705 S.W. 2d 820 (Tex.App.–Dallas 1986, writ ref'd n.r.e.), the court disregarded an attorney's affidavit and newspaper article because they constituted hearsay. The court said, "An affidavit by a nonjuror is insufficient to establish material jury misconduct, because the affidavit is based upon hearsay." In *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768 (Tex.App.–Houston [1st Dist.] 1987, writ ref'd n.r.e.), the court held that there was no abuse of discretion in the trial court's refusal to conduct a hearing on jury misconduct and that the allegations in the affidavit did not constitute jury misconduct as a matter of law under Tex.R.Civ.P. 327

and Tex.R.Evid. 606(b). The court further stated in dictum that the affidavit of a Texaco attorney was insufficient, because it was made by a nonjuror and the statements constituted hearsay.

■ We find no language in either rule requiring that the affidavits must be exclusively from jurors (contrary to the dicta in *Weaver v. Westchester Fire Insurance Co., supra,* and *Texaco, Inc. v. Pennzoil Co., supra*). Furthermore, the purpose of the affidavits is not for the final proof, because this will be offered at the evidentiary hearing. The affidavits must reveal allegations of material jury misconduct setting forth specific facts about the acts of misconduct relied upon, and showing that as a consequence, harm has resulted to the movant. *Jordan v. Ortho Pharmaceuticals Inc.*, 696 S.W.2d 228 (Tex.App.–San Antonio 1985, writ ref'd n.r.e.). Whether the allegations and affidavits were sufficient to allege material jury misconduct in the present case is dependent upon the application of Tex.R.Civ.P. 327(b) and Tex. R.Evid. 606(b). These rules set forth the standards of jury testimony concerning alleged jury misconduct:

Rule 327. For Jury Misconduct

. . . .

b. A juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict concerning his mental processes in connection therewith, except that a juror may testify whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Rule 606. Competency of Juror as a Witness

. . . .

(b) Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or state-

ment occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

■ Pursuant to these rules, jury misconduct can be shown only when an outside influence has been improperly brought to bear upon a juror. We find no Texas case defining the term "outside influence." The Texas cases construing these rules have consistently held that information conveyed by another juror during deliberations could not be considered outside influence. *Baker v. Wal–Mart Stores, Inc.*, 727 S.W.2d 53 (Tex.App.–Beaumont 1987, no writ) (holding that a jury member, who was a nurse, telling the other jurors medical information during deliberations was not an outside influence); *Daniels v. Melton Truck Lines, Inc.*, 704 S.W.2d 142 (Tex.App.–Eastland 1986, writ ref'd n.r.e.) (a case in which a juror who was a police officer was alleged to have shouted down those who disagreed with her, leaving the impression that those who disagreed would later suffer the consequences, was held not to be an outside influence); *Robinson Electric Supply v. Cadillac Cable Corp.*, 706 S.W.2d 130 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.) (a case where the jurors considered and calculated prejudgment interest on a debt, although there was no evidence of prejudgment interest introduced at trial).

The Fifth Circuit Court of Appeals, in *United States v. Duzac*, 622 F.2d 911 (5th Cir.1980), in construing the term "outside influence" in the federal rule [1] held that prior personal experiences discussed in a

jury room could not be used to impeach the jury. The court stated:

Here, there is no evidence that any external influence was brought to bear on members of the jury. The prejudice complained of is alleged to be the product of personal experiences unrelated to this litigation. The proper time to discover such prejudices is when the jury is being selected and peremptory challenges are available to the attorneys. Although the jury is obligated to decide the case solely on the evidence, its verdict may not be disturbed if it is later learned that personal prejudices were not put aside during deliberations.

■ We have carefully considered the language of Tex.R.Civ.P. 327(b) and Tex.R. Evid. 606(b) and the cases applying these rules. We conclude that an experience that occurred prior to the trial, that was unrelated to the litigation and that was communicated to the other jurors during deliberations would not be considered an outside influence. Based upon this construction, we further conclude that the juror's statement about her mother's treatment would not be an outside influence.

■ The allegations and affidavits concerning the communications to the jurors about the settlement offers lacks specificity as to which jurors received the communication, by whom the communication was made, and even as to how the communication took place. Nevertheless, this averment indicates that there was an outside influence during a three-day recess. However, the testimony of the two jurors which was preserved in a bill of exceptions by the Fillingers and submitted on appeal contains no evidence of these alleged communications. The affidavits themselves show that these assertions are based upon hearsay. In absence of any proof, this allegation cannot serve as a ground for a new trial.

We recognize a need to protect jurors from harassment and to insure some finality of jury verdicts, but these interests must be balanced with the right to a fair jury

1. The Texas rule tracks the federal rule except the Texas rule deleted an exception that allowed a juror to testify "on the question whether extraneous, prejudicial information was improperly brought to the jury's attention."

trial. We have developed a system that goes to great lengths to insure fairness in the summoning of potential jurors and in the means of jury selection. Jurors are carefully instructed as to their conduct and are told that any jury misconduct is subject to review. The trial is geared to following rules of evidence and procedure, so that the jurors will have only proper evidence upon which to base their verdict. The rules governing the deliberation of the jurors attempt to provide that nothing outside the record will influence their verdict during the deliberations. Yet, under the present rules, a jury may improperly decide a case based solely on prejudice, on the flip of a coin, on outside information provided by one of the jurors, on threats from one juror to the other jurors, or on any other such method, all of which are totally contradictory to the purpose of our judicial system. Yet, the present rules of evidence and procedure prevent any inquiry into this abuse. We cannot help but share the concern expressed by Justice Burgess in the dissent in *Baker v. Wal–Mart Stores, Inc., supra,* and Justice Draughn in the concurring opinion in *Robinson Electric Supply v. Cadillac Cable Corp., supra,* that the present rule is an impediment to justice.[2]

Fuller has requested damages for a frivolous appeal pursuant to Tex.R.App.P. 84. He contends that this is appropriate because (1) the Fillingers' affidavits were insufficient to justify a hearing on jury misconduct, (2) the evidence presented by the bill of exceptions fails to show the existence of an outside influence, and (3) the Fillingers are precluded from an appellate review of the points of error, because of their presentation of an inadequate record on appeal.

■ On Fuller's first two points, we find that the lack of a clear-cut definition of outside influence created a legitimate question on what constituted jury misconduct. We find that the Fillingers presented a sufficient record pursuant to Tex.R.App.P. 50, 53 for this Court to review the alleged

errors. We do not find that this appeal was taken for delay and without sufficient cause, and therefore the request for damages in the cross-point on the basis that the appeal was frivolous is denied.

The judgment of the trial court is affirmed.

---

**2.** In Thompson, *Challenge to the Decisionmaking Process—Federal Rule of Evidence 606(b) and the Constitutional Right to a Fair Trial,* 38 Sw.L.J. 1187 (1985), Peter M. Thompson discusses the unfairness of the similar federal rule when applied to criminal cases.