# NO. 12-08-00360-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE PROTECTION OF* | § | *COUNTY COURT AT LAW #2* |
| *SYLVIA LEONORA HOLST* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Billy Joe Burnett appeals from the trial court's denial of his motion for new trial following his consent to the entry of a protective order. We affirm.

### BACKGROUND

The Angelina county attorney filed an application for a protective order against Billy Joe Burnett on behalf of Sylvia Leonora Holst. The trial court issued a temporary order on June 5, 2008 and set a hearing on a final order for June 12, 2008. Burnett appeared at the June 12 hearing without counsel. Following that hearing, the trial court issued a protective order. The trial court made findings in support of the order, including that Burnett had agreed that the order would issue.

Four days later, Burnett's attorney filed an unverified motion for new trial. The next day she filed another unverified motion on his behalf. The two motions were very similar in content, and neither motion was verified or had affidavits attached. In these motions, Burnett asserted that he had a meritorious defense to the protective order, specifically that he did not assault Holst, that the assistant county attorney impermissibly communicated with him despite knowing that he was represented by counsel, that the assistant county attorney made misrepresentations to him about the nature and consequences of the then pending application for a protective order, and that his consent to the protective order was involuntary. The trial court held a hearing on the second motion on June 25, 2008. The transcript of that hearing is not part of the record, but the docket entry indicates that the trial court heard argument and allowed Burnett ten days to submit

case law in support of his position. On Burnett's motion, the trial court also "sustained" Burnett's motion to "exclude the state's response."[1]

Burnett did not submit case law by way of a brief or letter, but he filed a third motion for new trial on July 2, 2008. The third motion repeated most of the assertions in the first two motions. Unlike the other motions for new trial, this motion was verified by Burnett's attorney, cited case law, and had affidavits and an exhibit attached. The trial court overruled Burnett's motion for new trial on July 18, 2008. This appeal followed.

## MOTION FOR NEW TRIAL

In a single issue, Burnett argues that the trial court erred in overruling his motion for new trial. He asserts that the trial court should have ordered a new trial because he proved that his consent to the protective order was involuntary and that Holst's attorney communicated with him directly despite knowing that he was represented by counsel.

### Applicable Law

A new trial may be granted "for good cause, on motion or on the court's own motion." TEX. R. CIV. P. 320. Generally, we review a trial court's decision on a motion for new trial for an abuse of discretion. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). The trial court's determination of the facts is binding on the appellate courts and will be reversed only where a "clear abuse of discretion is shown." *Pharo v. Chambers County, Tex.*, 922 S.W.2d 945, 948 (Tex. 1996) (citing *State v. Wair*, 163 Tex. 69, 351 S.W.2d 878, 878 (1961)). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We cannot determine that a trial court abused its discretion merely because we would have decided the matter differently. *See Downer*, 701 S.W.2d at 241–42.

An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002); *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.–Houston [1st Dist.] 1993, writ denied). Unless the trial court made a finding to the contrary, we assume that the trial court made

---

[1] The only reference in the record to the trial court's exclusion of the county attorney's response is a docket entry. We cannot determine the reason for the trial court's action from the brief entry in the docket.

all findings supporting its decision to deny the motion for new trial. *See Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 372 (Tex. 2000).

**Contents of the Record**

Burnett was responsible for furnishing this court with a record supporting his issue on appeal. *See Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987); *see also* TEX. R. APP. P. 34.6(b)(1), 35.3(b). In the papers filed with the appeal, however, he specifically requested that the case be submitted on the clerk's record.[2] Because Burnett has elected to proceed without a reporter's record of the protective order hearing and the hearing on his third motion for new trial, we cannot know what occurred at those hearings.

The only information in the record about the hearing on the motion for new trial is the trial court's docket entry stating that Burnett "had 10 days to present case law re[:] state's atty duty to notify." In the same entry, the trial court notes that it had sustained Burnett's motion to exclude the county attorney's response to the motion for new trial.

The concurrency of these actions is significant because the county attorney argued in its stricken pleading, and presumably at the hearing, that Burnett had failed to supply affidavits to support his motion for new trial.[3] The trial court's consideration of Burnett's position, evidenced by the request for case law supporting it, suggests that the trial court was prepared to accept some facts as proven or that the parties had agreed to certain facts.

Burnett filed his third motion for new trial after the hearing. The motion included affidavits addressing Holst's argument that there was no evidence to support his motion and case law, which may have been responsive to the trial court's request for legal support for his position. The facts asserted in this motion are essentially the same as those advanced in the previous two motions, except that Burnett did not reassert that he had not assaulted Holst or that he had a valid defense to the charges against him.

**Effect of Incomplete Record**

At the time it ruled on Burnett's motion for new trial, the trial court had held a hearing on the second motion and had Burnett's third motion for new trial before it. Ordinarily this would present a straightforward task on appeal of reviewing the trial court's application of the law to the facts and determining if it abused its discretion. We cannot do that here, however, because

---

[2] Burnett requested that the appeal be submitted on the clerk's record alone and did not request a partial reporter's record. *See* TEX. R. APP. P. 34.6(c).

[3] Affidavits are not required for motions for new trial, but evidence in some form is necessary when the relief sought depends on evidence that is not in the record. *See Wal-Mart Stores, Inc. v. Kelley*, 103 S.W.3d 642, 644 (Tex. App.–Fort Worth 2003, no pet.); *Zuniga v. Zuniga*, 13 S.W.3d 798, 803 n. 4 (Tex. App.–San Antonio 1999, no pet.), *disapproved on other grounds*, *In Re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003).

we do not have before us a record of what evidence the trial court considered before ruling on Burnett's motion.

Burnett argues that this is no impediment because the "trial court [was] bound to accept as true [his] affidavits" since Holst did not request an evidentiary hearing following the filing of the third motion for new trial. Burnett cites *Limestone Construction v. Summit Commercial Industrial Properties*, 143 S.W.3d 538, 545–46 (Tex. App.–Austin 2004, no pet.) and *In re Parker*, 20 S.W.3d 812, 815 n.2 (Tex. App.–Texarkana 2000, no pet.) as support for this position. This principle supports the proposition that when applying the elements of the *Craddock* test[4] to determine whether to set aside a default judgment, a trial court must accept as true the uncontroverted affidavits of the moving party. *See Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268–69 (Tex. 1994); *Katin Corp. v. Loesch*, No. 03-05-00412-CV, 2007 Tex. App. LEXIS 6352, at *11 (Tex. App.–Austin Aug. 10, 2007, pet. denied) (mem. op., not designated for publication) (limits the principle of accepting as true an affidavit's factual assertions to the elements of the *Craddock* test); *see also Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984) (considering factual allegations in affidavits attached to motion for new trial on the conscious indifference factor of the *Craddock* test for setting aside a default judgment); *Dallas Heating Co. v. Pardee*, 561 S.W.2d 16, 20 (Tex. Civ. App.–Dallas 1977, writ ref'd n.r.e.) (distinguishing between the effect of controverted facts on the issue of intentional or consciously indifferent conduct and the issue of a meritorious defense when considering whether to set aside a default judgment).

Even if this principle applies to motions for new trial in other contexts, it does not apply here. In the *Evans* decision, for example, the court held that an affidavit may be sufficient to meet the moving party's burden, but only after the court looks to all of the evidence in the record to determine if the defendant's factual assertions are controverted.[5] *See Evans*, 889 S.W.2d at 269. In that case, the appellate court considered the evidence adduced at a hearing along with the pleadings and affidavits before concluding that the nonmovant had not controverted the proof adduced by the movant. *Id*. at 269. In this case, we cannot do the same review because Burnett has elected to proceed without the reporter's record and so we cannot determine whether the facts were contested. *See*, *e.g.*, *American Paging of Tex., Inc. v. El Paso Paging, Inc.*, 9 S.W.3d 237, 240 (Tex. App.–El Paso 1999, pet. denied) (declining to disturb ruling on motion for new trial where appellant did not provide reporter's record).

---

[4] *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 392–93, 133 S.W.2d 124, 126 (Tex. 1939).

[5] Motions seeking relief from a default judgment are different from other new trial motions in that there is less opportunity for there to be disputed facts–for example, rarely will a plaintiff know whether a defendant acted with conscious disregard–and because prima facie evidence is sufficient for some of the showings a movant must make. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) (movant need provide only prima facie evidence of a meritorious defense).

4

As we outlined above, the hearing held by the trial court appears to have been at least partially evidentiary in nature. *Cf.* ***Michiana Easy Livin' Country, Inc. v. Holten***, 168 S.W.3d 777, 783 (Tex. 2005) (appellate court may presume pretrial hearings are nonevidentiary, unless other indications in record indicate hearing was evidentiary.) Burnett's motion required evidence, and he had offered no evidence before the hearing. After the hearing, the trial court asked for case law that would inform a decision on the merits. Accordingly, we can conclude that the trial court considered evidence at the hearing held on Burnett's motion. Because the trial court considered evidence, and because we do not know what that evidence is, we cannot conclude, as the court did in ***Evans***, that the evidence put forward in Burnett's later filed motion was uncontroverted. Therefore, we cannot accept Burnett's affidavits as true.

**Conclusion**

The trial court's ruling was based on some consideration of evidence. Burnett has elected to proceed with a record that does not allow us to review that consideration of evidence or to conclude that his factual assertions were uncontroverted. Accordingly, we cannot conclude that the trial court abused its discretion in overruling Burnett's motion for new trial. *See* ***Fantasy Ranch, Inc. v. City of Arlington***, 193 S.W.3d 605, 612 (Tex. App.–Fort Worth 2006, pet. denied) (appellate court must make every reasonable presumption in favor of trial court's ruling on a motion for new trial.); *see also* ***Christiansen v. Prezelski***, 782 S.W.2d 842, 843 (Tex. 1990) (burden is on appellant to present sufficient record to show error requiring reversal); ***Wilms v. Americas Tire Co., Inc.***, 190 S.W.3d 796, 803 (Tex. App.–Dallas 2006, pet. denied) (evidence presumed to be sufficient to support trial court's order when appellant fails to bring reporter's record).

We overrule Burnett's sole issue.

### DISPOSITION

Having overruled Burnett's sole issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered February 10, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)