The State of Texas for the Protection of Sylvia Leonora Holst v









NO. 12-08-00360-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS FOR                    §                      APPEAL
FROM THE

 

THE PROTECTION OF                              §                      COUNTY
COURT AT LAW #2 

 

SYLVIA LEONORA HOLST                       §                      ANGELINA
COUNTY, TEXAS







            MEMORANDUM
OPINION

            Billy
Joe Burnett appeals from the trial court’s denial of his motion for new trial
following his consent to the entry of a protective order.  We affirm.

 

Background

            The
Angelina county attorney filed an application for a protective order against
Billy Joe Burnett on behalf of Sylvia Leonora Holst.  The trial court issued a
temporary order on June 5, 2008 and set a hearing on a final order for June 12,
2008.  Burnett appeared at the June 12 hearing without counsel.  Following that
hearing, the trial court issued a protective order.  The trial court made
findings in support of the order, including that Burnett had agreed that the
order would issue.  

Four
days later, Burnett’s attorney filed an unverified motion for new trial.  The
next day she filed another unverified motion on his behalf.  The two motions were
very similar in content, and neither motion was verified or had affidavits
attached.  In these motions, Burnett asserted that he had a meritorious defense
to the protective order, specifically that he did not assault Holst, that the
assistant county attorney impermissibly communicated with him despite knowing
that he was represented by counsel, that the assistant county attorney made
misrepresentations to him about the nature and consequences of the then pending
application for a protective order, and that his consent to the protective
order was involuntary.  The trial court held a hearing on the second motion on
June 25, 2008.  The transcript of that hearing is not part of the record, but
the docket entry indicates that the trial court heard argument and allowed
Burnett ten days to submit case law in support of his position.  On Burnett’s
motion, the trial court also “sustained” Burnett’s motion to “exclude the
state’s response.”[1] 


Burnett
did not submit case law by way of a brief or letter, but he filed a third
motion for new trial on July 2, 2008.  The third motion repeated most of the
assertions in the first two motions.  Unlike the other motions for new trial,
this motion was verified by Burnett’s attorney, cited case law, and had
affidavits and an exhibit attached.  The trial court overruled Burnett’s motion
for new trial on July 18, 2008.  This appeal followed. 

 

Motion for New Trial

In
a single issue, Burnett argues that the trial court erred in overruling his
motion for new trial.  He asserts that the trial court should have ordered a
new trial because he proved that his consent to the protective order was involuntary
and that Holst’s attorney communicated with him directly despite knowing that
he was represented by counsel.  

Applicable
Law

A
new trial may be granted “for good cause, on motion or on the court’s own
motion.”  Tex. R. Civ. P. 320.  Generally,
we review a trial court’s decision on a motion for new trial for an abuse of
discretion.  See Dolgencorp of Tex., Inc. v. Lerma, 288
S.W.3d 922, 926 (Tex. 2009).  The trial court’s determination of the facts is
binding on the appellate courts and will be reversed only where a “clear abuse
of discretion is shown.”  Pharo v. Chambers County, Tex., 922
S.W.2d 945, 948 (Tex. 1996) (citing State v. Wair, 163 Tex. 69, 351 S.W.2d 878, 878 (1961)). To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, whether the act was arbitrary
or unreasonable.  See Carpenter v. Cimarron Hydrocarbons
Corp., 98 S.W.3d 682, 687 (Tex. 2002); Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985).  We
cannot determine that a trial court abused its discretion merely because we
would have decided the matter differently.  See Downer,
701 S.W.2d at 241–42.

An
abuse of discretion does not occur when the trial court bases its decisions on
conflicting evidence.  Davis v. Huey, 571 S.W.2d
859, 862 (Tex. 1978).  Furthermore, an abuse of discretion does not occur as
long as some evidence of substantive and probative character exists to support
the trial court’s decision. Butnaru v. Ford Motor Co., 84 S.W.3d
198, 211 (Tex. 2002); Holley v. Holley, 864 S.W.2d 703, 706 (Tex.
App.–Houston [1st Dist.] 1993, writ denied). Unless the trial court made a
finding to the contrary, we assume that the trial court made all findings
supporting its decision to deny the motion for new trial.  See Golden
Eagle Archery, Inc. v. Jackson, 24 S.W.3d 362, 372 (Tex. 2000).

Contents
of the Record

            Burnett
was responsible for furnishing this court with a record supporting his issue on
appeal.  See Simon v. York Crane & Rigging Co., Inc.,
739 S.W.2d 793, 795 (Tex. 1987); see also Tex. R. App. P. 34.6(b)(1), 35.3(b).  In the papers filed
with the appeal, however, he specifically requested that the case be submitted
on the clerk’s record.[2] 
Because Burnett has elected to proceed without a reporter’s record of the
protective order hearing and the hearing on his third motion for new trial, we cannot
know what occurred at those hearings.  

The
only information in the record about the hearing on the motion for new trial is
the trial court’s docket entry stating that Burnett “had 10 days to present
case law re[:] state’s atty duty to notify.”  In the same entry, the trial
court notes that it had sustained Burnett’s motion to exclude the county
attorney’s response to the motion for new trial.

The
concurrency of these actions is significant because the county attorney argued
in its stricken pleading, and presumably at the hearing, that Burnett had
failed to supply affidavits to support his motion for new trial.[3] 
The trial court’s consideration of Burnett’s position, evidenced by the request
for case law supporting it, suggests that the trial court was prepared to accept
some facts as proven or that the parties had agreed to certain facts.  

Burnett
filed his third motion for new trial after the hearing.  The motion included affidavits
addressing Holst’s argument that there was no evidence to support his motion and
case law, which may have been responsive to the trial court’s request for legal
support for his position.  The facts asserted in this motion are essentially the
same as those advanced in the previous two motions, except that Burnett did not
reassert that he had not assaulted Holst or that he had a valid defense to the
charges against him.  

Effect of
Incomplete Record

At
the time it ruled on Burnett’s motion for new trial, the trial court had held a
hearing on the second motion and had Burnett’s third motion for new trial
before it.  Ordinarily this would present a straightforward task on appeal of
reviewing the trial court’s application of the law to the facts and determining
if it abused its discretion.  We cannot do that here, however, because we do
not have before us a record of what evidence the trial court considered before
ruling on Burnett’s motion. 

Burnett
argues that this is no impediment because the “trial court [was] bound to
accept as true [his] affidavits” since Holst did not request an evidentiary
hearing following the filing of the third motion for new trial.  Burnett cites Limestone
Construction v. Summit Commercial Industrial Properties, 143 S.W.3d
538, 545–46 (Tex. App.–Austin 2004, no pet.) and In re Parker, 20
S.W.3d 812, 815 n.2 (Tex. App.–Texarkana 2000, no pet.) as support for this
position.  This principle supports the proposition that when applying the
elements of the Craddock test[4]
to determine whether to set aside a default judgment, a trial court must accept
as true the uncontroverted affidavits of the moving party.  See Director,
State Employees Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 268–69 (Tex.
1994); Katin Corp. v. Loesch, No. 03-05-00412-CV, 2007 Tex. App.
LEXIS 6352, at *11 (Tex. App.–Austin Aug. 10, 2007, pet. denied) (mem. op., not
designated for publication) (limits the principle of accepting as true an
affidavit’s factual assertions to the elements of the Craddock test);
see also Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984) (considering factual allegations in affidavits attached to motion for new trial
on the conscious indifference factor of the Craddock test for
setting aside a default judgment); Dallas Heating Co. v. Pardee,
561 S.W.2d 16, 20 (Tex. Civ. App.–Dallas 1977, writ ref’d n.r.e.)
(distinguishing between the effect of controverted facts on the issue of
intentional or consciously indifferent conduct and the issue of a meritorious
defense when considering whether to set aside a default judgment).

Even
if this principle applies to motions for new trial in other contexts, it does
not apply here.  In the Evans decision, for example, the court
held that an affidavit may be sufficient to meet the moving party’s burden, but
only after the court looks to all of the evidence in the record to determine if
the defendant’s factual assertions are controverted.[5]
 See Evans, 889 S.W.2d at 269.  In that case, the
appellate court considered the evidence adduced at a hearing along with the
pleadings and affidavits before concluding that the nonmovant had not
controverted the proof adduced by the movant.  Id. at 269.  In
this case, we cannot do the same review because Burnett has elected to proceed
without the reporter’s record and so we cannot determine whether the facts were
contested.  See, e.g., American Paging of Tex., Inc. v. El
Paso Paging, Inc., 9 S.W.3d 237, 240 (Tex. App.–El Paso 1999, pet.
denied) (declining to disturb ruling on motion for new trial where appellant did
not provide reporter’s record).  

As
we outlined above, the hearing held by the trial court appears to have been at
least partially evidentiary in nature.  Cf. Michiana Easy Livin’ Country,
Inc. v. Holten, 168 S.W.3d 777, 783 (Tex. 2005) (appellate
court may presume pretrial hearings are nonevidentiary, unless other
indications in record indicate hearing was evidentiary.)  Burnett’s
motion required evidence, and he had offered no evidence before the hearing. 
After the hearing, the trial court asked for case law that would inform a
decision on the merits.  Accordingly, we can conclude that the trial court
considered evidence at the hearing held on Burnett’s motion.  Because the trial
court considered evidence, and because we do not know what that evidence is, we
cannot conclude, as the court did in Evans, that the evidence put
forward in Burnett’s later filed motion was uncontroverted.  Therefore, we
cannot accept Burnett’s affidavits as true. 

Conclusion

The
trial court’s ruling was based on some consideration of evidence.  Burnett has elected
to proceed with a record that does not allow us to review that consideration of
evidence or to conclude that his factual assertions were uncontroverted.  Accordingly,
we cannot conclude that the trial court abused its discretion in overruling
Burnett’s motion for new trial.  See Fantasy Ranch, Inc. v. City of
Arlington, 193 S.W.3d 605, 612 (Tex. App.–Fort Worth 2006, pet. denied)
(appellate court must make every reasonable presumption in favor of trial court’s
ruling on a motion for new trial.); see also Christiansen v.
Prezelski, 782 S.W.2d 842, 843 (Tex. 1990) (burden is on appellant to
present sufficient record to show error requiring reversal); Wilms v.
Americas Tire Co., Inc., 190 S.W.3d 796, 803 (Tex. App.–Dallas 2006,
pet. denied) (evidence presumed to be sufficient to support trial court’s order
when appellant fails to bring reporter’s record).

We
overrule Burnett’s sole issue.

 

Disposition

            Having
overruled Burnett’s sole issue, we affirm the judgment of the trial
court. 

 

                                                                                     
Brian Hoyle

                                                                       
   Justice

 

 

Opinion delivered February 10,
2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(PUBLISH)









[1]
The only reference in the record to the trial court’s exclusion of the county
attorney’s response is a docket entry.  We cannot determine the reason for the
trial court’s action from the brief entry in the docket.

 





[2]
Burnett requested that the appeal be submitted on the clerk’s record alone and
did not request a partial reporter’s record.  See Tex. R. App. P. 34.6(c).

 





[3]
Affidavits are not required for motions for new trial, but evidence in some
form is necessary when the relief sought depends on evidence that is not in the
record.  See Wal-Mart Stores, Inc. v. Kelley, 103 S.W.3d 642, 644
(Tex. App.–Fort Worth 2003, no pet.); Zuniga v. Zuniga, 13 S.W.3d
798, 803 n. 4 (Tex. App.–San Antonio 1999, no pet.), disapproved on other
grounds, In Re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003).  

 





[4]
Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 392–93, 133
S.W.2d 124, 126 (Tex. 1939).





[5]
Motions seeking relief from a default judgment are different from other new
trial motions in that there is less opportunity for there to be disputed facts–for
example, rarely will a plaintiff know whether a defendant acted with conscious
disregard–and because prima facie evidence is sufficient for some of the
showings a movant must make.  See Ivy v. Carrell, 407 S.W.2d 212,
214 (Tex. 1966) (movant need provide only prima facie evidence of a meritorious
defense).