# NO. 12-13-00028-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD TERRANCE AYERS,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 87TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *DONNA FLETCHER, ET AL,*<br>*APPELLEES* | *§* | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Richard Terrance Ayers appeals from the trial court's dismissal of his suit under Chapter 14 of the Texas Civil Practice and Remedies Code. He raises six issues on appeal. We affirm.

### BACKGROUND

Ayers is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID). On May 23, 2012, Ayers received multiple copies of a newsletter. Donna Fletcher, an employee of TDCJ-CID, delivered one copy of the newsletter to Ayers, but she withheld the additional copies based on "content." Ayers appealed Fletcher's decision to the TDCJ-CID Director's Review Committee (DRC). According to Ayers, the DRC denied his appeal on July 30, 2012.

Ayers then sued Fletcher and Rick Thaler, who he stated was the Director of the DRC. Ayers alleged that Fletcher infringed upon his right to free speech when she refused to deliver the additional copies of the newsletter. He alleged that Thaler also violated his right to free speech when the DRC denied his appeal. Ayers further alleged that Fletcher's and Thaler's conduct violated his due process rights because no TDCJ-CID policy authorized Fletcher to withhold the extra copies of the newsletter from him. Ayers sought injunctive relief, compensatory damages, and punitive damages.

1

Along with his petition, Ayers filed an affidavit of his previous suits, an affidavit of indigency, a handwritten declaration that he entitled, "Copy of the DRC's Decision in Response to My Seeking an Administrative Remedy," an affidavit of exhaustion of administrative remedies, and a six month summary of his inmate trust account. The trial court dismissed Ayers's claims as frivolous or malicious. The trial court's initial dismissal named someone other than Ayers as the plaintiff. The trial court then signed a nunc pro tunc order of dismissal in which Ayers was properly identified as the plaintiff.

Ayers filed a motion for new trial that apparently was overruled by operation of law. This appeal followed.

## DISMISSAL OF SUIT

In his second issue, Ayers contends that the trial court erred when it dismissed his claims based on Texas Civil Practice and Remedies Code section 14.005.

### Standard of Review

We review the trial court's dismissal of an in forma pauperis suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

### Chapter 14

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by inmates who file affidavits or unsworn declarations of inability to pay costs.[1] TEX. CIV. PRAC. &

---

[1] Chapter 14 does not apply to an action brought under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. 14.002(b) (West Supp. 2014).

REM. CODE ANN. § 14.002(a) (West Supp. 2014); *Hickson*, 926 S.W.2d at 398. Such an inmate must comply with the procedural requirements set forth in Chapter 14. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West Supp. 2014), 14.005 (West 2002). Failure to fulfill any of those procedural requirements will result in the dismissal of the inmate's suit. *See id.* § 14.003 (West 2002); *Brewer v. Simental*, 268 S.W.3d 763 (Tex. App.–Waco 2008, no pet.) (citing *Bell v. Tex. Dep't of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied)).

One such procedural requirement is that the inmate must properly exhaust available administrative remedies by completing the prison administrative grievance process. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a). This procedural requirement has two steps. The first is filing an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision of the committee was received by the inmate. *Id.* § 14.005(a)(1). The second is filing a copy of the written decision from the grievance system. *Id.* § 14.005(a)(2).

This requirement serves two purposes. First, compliance demonstrates that the inmate has exhausted his administrative remedies, and second, the information provided by the inmate enables the court to determine whether the inmate has filed his claim within the requisite time period. *See Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009).

**Analysis**

In its nunc pro tunc order of dismissal, the trial court found, as one of its grounds for dismissal, that Ayers "failed to include a copy of any written decisions from the grievance board as required under [Texas Civil Practice and Remedies Code section] 14.005." The trial court was correct. Ayers provided a handwritten declaration of what he claimed to be the ruling of the DRC, but that is not what section 14.005 requires. The statute is clear. An inmate who is proceeding under Chapter 14 must file a copy of the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (a)(2).[2] Because Ayers failed to comply with this requirement, the trial court properly dismissed his claims. *See Conely v. Tex. Bd. of Criminal Justice*, No. 03-11-00094-CV, 2012 WL 1959320, at *4 (Tex. App.—Austin May 30, 2012, pet.

---

[2] Ayers asserts that the DRC is the grievance board for this type of complaint, but he cites no authority for his assertion. Even assuming arguendo that Ayers's assertion is correct, he did not comply with section 14.005(a)(2) because he did not file a copy of the written decision of the DRC.

denied) (mem. op.) (upholding dismissal for failure to demonstrate exhaustion of administrative remedies). Therefore, we overrule Ayers's second issue.[3]

## MOTION FOR NEW TRIAL

In his sixth issue, Ayers contends that the trial court erred when it failed to grant his motion for new trial.[4]

### Applicable Law

A new trial may be granted "for good cause, on motion or on the court's own motion." TEX. R. CIV. P. 320. Generally, we review a trial court's decision on a motion for new trial for an abuse of discretion. *See* **Dolgencorp of Tex., Inc. v. Lerma**, 288 S.W.3d 922, 926 (Tex. 2009). The trial court's determination of the facts is binding on the appellate courts and will be reversed only where a "clear abuse of discretion is shown." **Pharo v. Chambers Cnty., Tex.**, 922 S.W.2d 945, 948 (Tex. 1996) (citing **State v. Wair**, 163 Tex. 69, 351 S.W.2d 878, 878 (Tex. 1961)). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *See* **Carpenter v. Cimarron Hydrocarbons Corp.**, 98 S.W.3d 682, 687 (Tex. 2002); **Downer v. Aquamarine Operators, Inc.**, 701 S.W.2d 238, 241-42 (Tex. 1985). We cannot determine that a trial court abused its discretion merely because we would have decided the matter differently. *See* **Downer**, 701 S.W.2d at 241-42.

### Application

Ayers's motion for new trial does not provide an explanation for his failure to include a copy of any written decisions from the DRC. Because Ayers's failure to provide a copy of the written decision of the grievance board as required under Texas Civil Practice and Remedies Code section 14.005(a)(2) is a valid basis for dismissal. And Ayers did not explain this failure in his motion for new trial. Therefore, the trial court did not abuse its discretion in denying the motion. Ayers failed to demonstrate that the trial court acted without reference to any guiding

---

[3] Because the trial court's dismissal of Ayers's claims was proper under at least one legal theory, the trial court did not abuse its discretion. *See* **Johnson v. Lynaugh**, 796 S.W.2d 705, 706-07 (Tex. 1990). Thus, having overruled Ayers's second issue, we need not address his first, third, fourth, and fifth issues. *See* TEX. R. APP. P. 47.1.

[4] The clerk's record does not contain an order disposing of Ayers's motion for new trial. Apparently, his motion for new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

4

rules or principles when it denied his motion for new trial. Accordingly, we overrule Ayers's sixth issue.

### DISPOSITION

Having overruled Ayers's second and sixth issues, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered August 27, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 27, 2014**

**NO. 12-13-00028-CV**

**RICHARD TERRANCE AYERS,**
Appellant
V.
**DONNA FLETCHER, ET AL,**
Appellees

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87-11668)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*